ATTORNEY GENERAL v STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

Docket No. 85936. Submitted October 7, 1986, at Lansing. Decided
May 5, 1987. Leave to appeal applied for.

On October 26, 1981, the attorney general brought an action in
the Ingham Circuit Court on behalf of the Michigan Depart-
ment of Social Services, as subrogee of certain individuals, to
recover payments made by DSS through Medicaid to those
individuals for damages for injuries sustained in an automobile
accident on December 15, 1980. Named as a defendant in the
action was State Farm Mutual Automobile Insurance Company,
the insurer assigned to handle the individuals' claims through
the no-fault act's assigned claims plan. State Farm thereafter
brought a third-party complaint against National Indemnity
Company (NICO) and Farm Bureau Mutual Insurance Company
of Michigan, Community Service Insurance Company, Farm
Bureau Marketing Corporation of Michigan and the Commu-
nity Service Acceptance Corporation (hereafter collectively re-
ferred to as Farm Bureau), claiming it was entitled to indemni-
fication and reimbursement for any payments to DSS for the
claims of the injured individuals. The third-party defendants
answered and asserted a statute of limitation defense. State
Farm then alleged that the third-party defendants had either
waived notice of the claims or had received notice (i.e., in a
letter sent by State Farm's claims superintendent, Thomas
Orn, to NICO's attorney, Guy Hill). Farm Bureau then filed a
motion for accelerated judgment or, in the alternative, sum-
mary judgment. NICO then filed a motion for accelerated judg-
ment or, in the alternative, summary judgment. Farm Bureau
was subsequently dismissed from the lawsuit by the parties'
stipulation. In an opinion issued May 21, 1985, the trial court,
James R. Giddings, J., held that State Farm could not take

REFERENCES

Am Jur 2d, Automobile Insurance §§ 347, 348, 369 et seq.; 443.

Am Jur 2d, Limitation of Actions §§ 138 et seq.

When statute of limitations commences to run on automobile no-
fault insurance personal injury claim. 36 ALR4th 357.

See also the annotations in the Index to Annotations under No-
Fault Insurance.

advantage of the tolling provision of the Revised Judicature Act, § 5852, to toll the running of the period of limitation applicable to the action. The court also found that Orn's letter did not constitute notice and that NICO did not waive its right to assert the statute of limitation defense. The court denied State Farm's motion for summary judgment, granted NICO's motion for accelerated judgment and entered an order to that effect. State Farm appeals therefrom. The dispositive issue on appeal is whether an insurance company, the subrogee of a person entitled to use the death saving provision of § 5852, is also entitled to use it. The facts of this case also indicate that a separate declaratory judgment action was brought in the Genesee Circuit Court prior to the instant action by some of the injured individuals against NICO, Farm Bureau and State Farm. The consent judgment reached in that case and the notice of claims against the defendants in that action were facts claimed to be relevant to the decision in the instant action.

The Court of Appeals *held:*

1. The third-party complaint is not barred by the one-year limitation period contained in the no-fault statute. An insurance company that is subrogated to a deceased person's rights is also entitled to use the tolling provision of § 5852 of the RJA. Since State Farm is a subrogee of the deceased, Earegood, State Farm is entitled to all the rights that Earegood had.

2. The Court of Appeals did not agree with NICO's argument that the Legislature intended that only an executor or administrator may have a right to bring suit late under § 5852 of the RJA.

3. The letter sent by Orn to Hill did not sufficiently inform NICO of the need to investigate and to determine the possible amount of liability of NICO's fund with respect to Earegood's claim. The letter did not substantially comply with the notice provision of § 3145 of the Insurance Code and the trial court was correct in so holding.

4. The trial court's decision and order granting NICO's motion for accelerated judgment is reversed. State Farm's motion for summary judgment is granted, and State Farm is entitled to recover the $41,880.65 it paid to DSS on behalf of Earegood.

Reversed.

1. INSURANCE — NO-FAULT — SUBROGATION — LIMITATION OF ACTIONS — TOLLING.

A no-fault insurer that is the subrogee of a person who is entitled to use the statute of limitation tolling provision of the Revised Judicature Act is also entitled to use the tolling provision in

regard to the no-fault act's statute of limitation (MCL 500.3145[1], 600.5852; MSA 24.13145[1], 27A.5852).

2. LIMITATION OF ACTIONS — TOLLING — DEATH SAVING PROVISIONS.
  The Legislature, in enacting the statute of limitation tolling provision of the Revised Judicature Act, did not intend that only an executor or administrator may have the right to bring suit late under the death saving provision of the tolling provision (MCL 600.5852; MSA 27A.5852).

3. INSURANCE — NO-FAULT — NOTICE — SUBSTANTIAL COMPLIANCE.
  Substantial compliance with the written notice provision of the no-fault act which in fact apprises the insurer of the need to investigate and to determine the amount of possible liability of the insurer's fund is sufficient compliance with the notice provision; the notice should be presented in a form, or under circumstances, designed to in fact apprise the insurer of the need to investigate and to determine the amount of possible liability of the insurer's fund (MCL 500.3145[1]; MSA 24.13145[1]).

*Fraser, Trebilcock, Davis & Foster, P.C.* (by *Peter L. Dunlap* and *Gary C. Rogers*), for State Farm Mutual Automobile Insurance Company.

*Gault, Davison, Bowers & Hill* (by *Guy H. Hill*), for National Indemnity Company.

Before: R. M. MAHER, P.J., and D. E. HOLBROOK, JR., and M. R. STEMPIEN,* JJ.

M. R. STEMPIEN, J. In this third-party claim, defendant and third-party plaintiff State Farm Mutual Automobile Insurance Company appeals as of right from a June 17, 1985, order granting the motion for accelerated judgment of third-party defendant National Indemnity Company (hereinafter NICO) entered against State Farm's subrogation claim. The order also denied State Farm's motion for summary judgment. We reverse the order as to each motion.

* Circuit judge, sitting on the Court of Appeals by assignment.

A recitation of the undisputed facts is necessary to an informed understanding of the issues. This case originated with an automobile accident in Clio, Michigan, on December 15, 1980. James Wonsey was driving a car owned by Larry Woodby, doing business as New Venture Auto Sales. Ardith Wonsey, Chad Jason Wonsey and Elzie Earegood were passengers. A car driven by an uninsured motorist, Brenda Short, struck the Woodby car. The Wonseys and Earegood received injuries, including fractures, which required hospitalization and medical care.

Woodby had a garage liability insurance policy, issued by NICO, which included no-fault insurance coverage on the automobile. However, before the accident, on November 16, 1980, NICO attempted to cancel the policy. Because of the accident, the Wonseys and Earegood were entitled to personal protection insurance benefits under the policy, pursuant to MCL 500.3107; MSA 24.13107.

The Wonseys presented their claims to NICO. At this point, the parties disagree on certain facts. State Farm seems to imply that both the Wonseys and Earegood submitted claims to NICO. However, NICO states in its brief that only the Wonseys presented claims to NICO. Nico says that the Earegood claim was not presented to NICO until April 16, 1982, when State Farm's counsel orally told NICO about the Earegood claim. We rely upon NICO's position based upon the affidavit of a regional claim supervisor which asserts that a search of NICO's records revealed no notice of a no-fault claim on behalf of Earegood.

Nico denied no-fault coverage, relying on its attempted cancellation. Consequently, on January 12, 1981, the Wonseys filed a declaratory judgment action against NICO and Farm Bureau Mutual Insurance Company of Michigan, Community Ser-

vice Insurance Company, Farm Bureau Marketing Corporation of Michigan and the Community Service Acceptance Corporation (hereinafter collectively referred to as Farm Bureau). The Wonseys claimed that the NICO policy was in effect at the time of the accident and that they were entitled to benefits under it. Farm Bureau was named as a defendant because the NICO insurance policy had been purchased from the Flint office of the Farm Bureau Insurance Group.

On March 16, 1981, Earegood died as a result of his injuries. No personal representative was ever appointed for the estate of Earegood. On April 22, 1981, the Michigan Department of Social Services paid Earegood's hospital expenses, totaling $41,576.21, pursuant to its Medicaid program.

On or about August 19, 1981, the claims of the Wonseys and Earegood were assigned to State Farm through the assigned claims plan pursuant to MCL 500.3172; MSA 24.13172. This statute allows a claim to be assigned to a different insurance company if a personal protection insurance policy applicable to an accident cannot be identified, or if there is a dispute between two or more insurers concerning their obligations. State Farm refused to pay the claims, however, adopting the Wonseys' position that the NICO policy was in effect. Nonetheless, on October 2, 1981, State Farm's claims superintendent, Thomas Orn, wrote a letter to NICO's attorney, Guy H. Hill, volunteering to make the payments if NICO would sign an agreement promising to reimburse State Farm should the pending declaratory judgment action be resolved against NICO. There is no indication whether NICO ever signed such an agreement.

On October 26, 1981, plaintiff filed this action in the Ingham Circuit Court. DSS sought to recover from State Farm $8,949.75 that DSS had paid for

Ardith Wonsey's medical expenses, $11,216.19 that DSS had paid for Chad Wonsey's medical expenses, $109.76 that DSS had paid for James Wonsey's medical expenses and $41,576.21 that DSS had paid for Earegood's expenses. All payments had been made by DSS through Medicaid, and DSS was entitled to subrogation for these payments pursuant to MCL 400.106; MSA 16.490(16).

On December 8, 1981, the Wonseys added State Farm as a defendant in the declaratory judgment action. In that action, on December 9, 1981, the circuit court ordered State Farm to pay personal protection insurance benefits to the Wonseys until the suit was resolved and ordered NICO to reimburse State Farm should the court eventually find that the NICO policy was in effect on December 15, 1980.

In late May of 1982, settlement was reached between DSS and State Farm. State Farm agreed to reimburse DSS. On May 21, 1982, State Farm filed a third-party complaint in the Ingham Circuit Court action against NICO and Farm Bureau, claiming it was entitled to indemnification and reimbursement for any payments to DSS for the Wonseys' or Earegood's claims. On June 1, 1982, State Farm paid $41,688.65, which represented the total medical expenses of Earegood, to DSS.

On June 28, 1982, NICO filed its answer to State Farm's third-party complaint. In its affirmative defenses, NICO admitted that State Farm is a subrogee of Earegood, but claimed that State Farm was barred from bringing the third-party complaint for Earegood's medical expenses by MCL 500.3145(1); MSA 24.13145(1), because the third-party complaint was filed more than one year after the accident and neither Earegood, DSS nor State Farm had given NICO notice of the Earegood claim before the one year was up. We note that

NICO could not assert this defense in regard to the Wonsey claims for which State Farm wanted reimbursement because the Wonseys had filed their declaratory judgment action within one year after the accident.

On July 2, 1982, Farm Bureau filed its answer to State Farm's third-party complaint. As an affirmative defense, it also claimed that the third-party complaint was barred with respect to Earegood's claim since it was not filed within one year of the accident. Farm Bureau demanded that State Farm reply to this affirmative defense.

On August 2, 1982, State Farm answered the affirmative defenses of NICO and Farm Bureau. In answer to the statute of limitation defense, State Farm asserted that its third-party complaint was not barred, because the October 2, 1981, letter from Orn to Hill constituted notice in accordance with MCL 500.3145(1); MSA 24.13145(1). State Farm also asserted that on April 16, 1982, during negotiations in the declaratory judgment action, counsel for the Wonseys and counsel for all the defendants, including NICO, discussed the Earegood claim and thus NICO's right to written notice was waived.

On September 6, 1983, a consent judgment was entered in the declaratory judgment action. The consent judgment provided that the NICO insurance policy was in effect at the time of the accident, and that NICO would pay the Wonseys and State Farm $128,750 in settlement. NICO was to contribute $100,000 and Farm Bureau was to contribute $28,750; State Farm was to receive $60,000 and the Wonseys were to receive $68,750. This payment by NICO and Farm Bureau to State Farm and the Wonseys was to be in full settlement of all disputes between the parties. The consent judgment further provided that NICO was responsible

for all future medical expenses incurred by the
Wonseys after July 27, 1983, the date the consent
judgment was agreed upon by the parties. How-
ever, NICO retained the right to assert all defenses
under the policy, including the statute of limita-
tion defense of the no-fault statute, MCL 500.3145;
MSA 24.13145. A release was executed.

On October 31, 1983, Farm Bureau filed a mo-
tion for accelerated judgment or, in the alterna-
tive, for summary judgment pursuant to GCR
1963, 117.2(1) and 117.2(3), now MCR 2.116(C)(8)
and (10). In support of the motion for accelerated
judgment, brought apparently under GCR 1963,
116.1(4) and (5), now MCR 2.116(C)(6) and (7), Farm
Bureau alleged that the consent judgment barred
State Farm's claim for reimbursement as to the
Wonseys' claims and that MCL 500.3145; MSA
24.13145 barred the third-party complaint against
Farm Bureau with respect to Earegood's claim. In
support of the motion for summary judgment un-
der GCR 1963, 117.2(1), now MCR 2.116(C)(8),
Farm Bureau asserted the statute of limitation
defense. In support of its motion for summary
judgment under GCR 1963, 117.2(3), now MCR
2.116(C)(10), Farm Bureau claimed that there was
no genuine issue of material fact and that Farm
Bureau was entitled to judgment as a matter of
law, since NICO admitted in the consent judgment
that its policy was in effect on December 15, 1980,
and Farm Bureau's underwriting manager stated
by affidavit that Farm Bureau's records showed
that Farm Bureau had not issued an insurance
policy to the Wonseys. Thus, Farm Bureau argued
that there was no issue of fact that Farm Bureau
was not liable.

On February 1, 1984, NICO filed a motion for
accelerated judgment pursuant to GCR 1963,
116.1(5), now MCR 2.116(C)(7), or, in the alterna-

tive, for summary judgment under GCR 1963, 117.2(3), now MCR 2.116(C)(10). NICO adopted substantially all of Farm Bureau's arguments. NICO attached an affidavit of Larry W. Lewer, Regional Claims Supervisor of NICO, in which Lewer stated he had searched the records of NICO and had found no written notice of Earegood's claim.

On February 27, 1984, State Farm filed a brief in opposition to NICO's and Farm Bureau's motions for accelerated and summary judgment. State Farm argued that it could use the statute of limitation tolling provision of MCL 600.5852; MSA 27A.5852 and thus its third-party complaint was not barred. State Farm subsequently filed a motion for summary judgment under GCR 1963, 117.2(2), now MCR 2.116(C)(9), claiming that NICO had failed to state a valid defense to the third-party complaint, or in the alternative, under GCR 1963, 117.2(3), now MCR 2.116(C)(10).

On April 19, 1984, NICO replied to the motion for summary judgment and filed a supplemental brief in support of its own motion for summary judgment. In its brief, NICO argued that State Farm could not rely on MCL 600.5852; MSA 27A.5852 since the statute, by its terms, applied only to actions by an estate. NICO argued that, since the purpose of the statute was to aid persons who are unable to file suit within the period of a particular statute of limitation, it did not apply to State Farm since State Farm was never under a disability. Farm Bureau was subsequently dismissed from the lawsuit by the parties' stipulation.

In a written opinion issued May 21, 1985, the trial court agreed with NICO that State Farm could not take advantage of the tolling provision of MCL 600.5852; MSA 27A.5852. The trial court based its conclusion on the wording of the statute. The trial court reasoned that the rules of statutory construc-

tion provide that words shall be construed and understood according to the common and approved usage of the language and that the statute was unambiguous in allowing only an executor or administrator of an estate to sue late. The trial court noted that the policy of the tolling statute was to extend the period of limitation where a disability exists which causes confusion and delay in pursuing a claim and that this policy would not be advanced by allowing State Farm to use the statute. The trial court found that Orn's letter to Hill did not constitute notice under MCL 500.3145(1); MSA 24.13145(1) and thus did not toll the statute of limitation. Finally, the trial court found that NICO did not waive its right to assert the statute of limitation defense when it orally received notice of the Earegood claim on April 16, 1982, during the negotiations in the declaratory judgment action. Accordingly, the trial court denied State Farm's motion for summary judgment and granted NICO's motion for accelerated judgment under GCR 1963, 116.1(5), now MCR 2.116(C)(7). An order embodying the terms of the opinion was entered on June 17, 1985.

The dispositive issue of this case is whether an insurance company, the subrogee of a person entitled to use the death saving provision of MCL 600.5852; MSA 27A.5852, is also entitled to use it. The statute provides:

> If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action which survives by law may be commenced by or against the executor or administrator of the deceased person or the claim may be proved as a debt against the estate of the deceased person, as the case may be, at any time within 2 years after letters testamentary or letters of administration are granted, although the

period of limitations has run . . . . But no execu-
tor or administrator shall bring an action under
this provision unless he commences it within 3
years after the period of limitations has run.

This provision has been held by this Court to
apply to the no-fault statute of limitation of MCL
500.3145(1); MSA 24.13145(1) to toll the one-year
period of limitation for bringing an action against
an insurer for payment of automobile no-fault
personal protection benefits. *Taulbee v Mosley,* 127
Mich App 45, 48-49; 338 NW2d 547 (1983), lv den
418 Mich 975 (1984); *Epps v Transit Casualty Co,*
120 Mich App 279, 280; 327 NW2d 321 (1982).

The trial court ruled that the action was barred
by the no-fault statute of limitation and that the
death saving provision did not apply. The trial
court reasoned that the language of the death
saving provision was clear and unambiguous as
applying only to executors and administrators of
decedents' estates. Further, the trial court rea-
soned that the policy of the statute, namely, to
benefit the estate, would not be served by allowing
State Farm to take advantage of the statutory
provision. On appeal, NICO's arguments parallel
the trial court's reasoning. NICO agrees that State
Farm is subrogated to the rights of DSS which in
turn was subrogated to the rights of Earegood, but
NICO contends that the third-party complaint is
barred by the one-year limitation period contained
in the no-fault statute. We disagree with them.

We believe that *Federal Kemper Ins Co v Isaac-
son,* 145 Mich App 179; 377 NW2d 379 (1985), and
the general law of subrogation provide that an
insurance company that is subrogated to a de-
ceased person's rights is also entitled to use the
tolling provision of MCL 600.5852; MSA 27A.5852.
In *Federal Kemper,* this Court allowed an insur-

ance company that was a subrogee of the personal representative of the estate of a deceased to use the tolling provision of MCL 600.5856; MSA 27A.5856. This Court stated:

> As subrogee, plaintiff stands in the shoes of the subrogor and acquires no greater rights than those possessed by the subrogor. *Federal Kemper Ins Co v The Western Ins Cos,* 97 Mich App 204, 210; 293 NW2d 765 (1980), quoting *Northwestern Mutual Ins Co v Jackson Vibrators,* 402 F2d 37, 40 (CA 6, 1968). Black's Law Dictionary (4th ed) defines subrogation as "[t]he substitution of one person in the place of another with reference to a lawful claim, demand or right, . . . so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities."
>
> *     *     *
>
> As subrogee of the estate, plaintiff stands in the same position, with all the same rights, as its subrogor with respect to the action brought against defendant Isaacson. Since RJA § 5856 would clearly have tolled the running of the period of limitation had a subsequent suit been brought by the estate, we hold that the tolling statute does apply to the present case. [*Federal Kemper, supra,* pp 182-184.]

Although *Federal Kemper* had not been decided by this Court when the trial court issued its opinion, this fact does not bar us from reversing the trial court.

Nico claims that the policy of MCL 600.5852; MSA 27A.5852 is to allow a suit by persons who were disabled from bringing the suit within the period of limitation and that State Farm is not such a disabled person. While this may be true, we believe that, since State Farm is a subrogee of the deceased, Earegood, State Farm is entitled to all the rights that Earegood had.

NICO also argues that since the death saving provision does not contain language referring to "[others] claiming under [the executor or administrator]," unlike similar language contained in MCL 600.5851(1); MSA 27A.5851(1), the Legislature intended that only an executor or administrator may have the right to bring suit late under the death saving provision. Again, we disagree and believe that this argument is refuted by general subrogation law.

A secondary issue has been raised by State Farm. State Farm contends that the letter sent by Orn to Hill satisfied the notice requirements of MCL 500.3145(1); MSA 24.13145(1) and thus its third-party complaint was not barred. We disagree with State Farm on this issue even though it does not affect our ultimate disposition of this case.

The notice provision of MCL 500.3145(1); MSA 24.13145(1) specifically states: "The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury."

In *Dozier v State Farm Mutual Automobile Ins Co*, 95 Mich App 121; 290 NW2d 408 (1980), lv den 409 Mich 911 (1980), this Court considered whether a certain letter complied with the notice provision. In that case, the notice consisted of a letter to the insurer from the insured's attorney some three weeks after an accident. The letter did not comply with the statute because it failed to indicate the insured plaintiff's full name, her address and the nature and place of her injuries. However, the letter did prompt a reply from the insurer which acknowledged receipt of the information and advised the plaintiff's attorney to forward all "specials" regarding the loss. This Court held that substantial compliance with the written

notice provision which in fact apprises the insurer of the need to investigate and to determine the amount of possible liability of the insurer's fund is sufficient compliance with the notice provision, MCL 500.3145(1); MSA 24.13145(1). *Dozier, supra,* p 128.

In *Heikkinen v Aetna Casualty & Surety Co,* 124 Mich App 459; 335 NW2d 3 (1981), this Court repeated the holding of *Dozier,* namely, that the notice should be presented "in a form, or under circumstances, designed to *in fact* apprise the insurer of the need to investigate and to determine the amount of possible liability of the insurer's fund." *Heikkinen, supra,* p 464. In that case, Mr. Heikkinen was overcome by the exhaust fumes of his vehicle. At the time of his death, he and his wife were insured by Aetna. The policy of insurance was obtained through the Gilmore Insurance Agency, which was owned and operated by one Charles Gilmore. Through this agency, Gilmore acted as an agent for Aetna. In addition to his work as an insurance agent, Gilmore prepared income tax returns. After her husband's death, Mrs. Heikkinen was not aware that she might be entitled to benefits under the insurance policy and did not give any notice about the accident to Aetna. *Heikkinen, supra,* p 461. However, in early 1977, Gilmore prepared Mrs. Heikkinen's income tax return. Mrs. Heikkinen gave Gilmore a copy of Mr. Heikkinen's death certificate which Gilmore needed to complete the income tax returns. *Id.,* p 461. Mrs. Heikkinen finally filed suit for insurance benefits over one year after the accident. *Id.,* p 462. She contended that the death certificate provided Aetna with notice of her claim. This Court found that, although all the requirements of MCL 500.3145(1); MSA 24.13145(1) were met in the death certificate, the death certificate, alone, did

not, in fact, apprise the insurer of the need to investigate and to determine the amount of possible liability of its fund. *Id.,* p 464.

Likewise, in this case, the letter did not sufficiently inform NICO of the need to investigate and to determine the possible amount of liability of NICO's fund with respect to Earegood's claim. In the first place, the letter was written on behalf of the Wonseys. The only reference to Earegood is in the caption, where his name and claim number are stated. The letter did not provide Earegood's address, the nature of his injury or the place and time of his injury. In no place in the letter did Orn intimate that a similar claim was being made on behalf of Earegood. The letter referred to attorney Hanflik's "people" and to the declaratory action filed by the Wonseys on behalf of themselves. Because the letter did not "in fact apprise [NICO] of the need to investigate and to determine the amount of possible liability of [its] fund," the letter did not substantially comply with the notice provision, MCL 500.3145(1); MSA 24.13145(1). The trial court was correct in so holding.

In light of our disposition of the first issue, the trial court's decision and order granting NICO's motion for accelerated judgment is reversed. State Farm's motion for summary judgment is hereby granted, and State Farm is entitled to recover the $41,880.65 it paid to DSS.