YEO v STATE FARM FIRE AND CASUALTY INSURANCE COMPANY

Docket No. 214209. Submitted July 11, 2000, at Lansing. Decided September 8, 2000, at 9:05 A.M.

Sheri Yeo brought an action in the Oakland Circuit Court against State Farm Fire and Casualty Insurance Company, seeking coverage under a homeowner's insurance policy. The court, Robert L. Templin, J., granted summary disposition for the defendant and dismissed the action without prejudice, ruling that the plaintiff failed to satisfy a condition in the policy that she submit to an examination under oath. The defendant appealed, arguing that the dismissal should have been with prejudice. The Court of Appeals, CAVANAGH, P.J., and MURPHY and C. W. SIMON, JJ., affirmed. 219 Mich App 254 (1996). The plaintiff filed a second action against the defendant. The court, Nanci J. Grant, J., granted summary disposition for the defendant, ruling that the action was barred by the statute of limitations. The plaintiff appealed.

The Court of Appeals *held*:

The present lawsuit, having been filed nearly two years after the defendant formally denied the plaintiff's claim, is time-barred. The period of limitation was not tolled during the earlier appeal to the Court of Appeals because the narrow issue raised in that appeal was whether the dismissal of the plaintiff's claim on the basis of her failure to comply with a condition precedent to filing a lawsuit should have been with prejudice. Nothing prevented the plaintiff from thereafter submitting to the requisite examination under oath, which she did, nor was the defendant prevented from subsequently denying the plaintiff's claim, which it did. Contrary to the plaintiff's argument, MCR 7.208(A) did not deprive the trial court of jurisdiction to entertain this lawsuit while the appeal of the earlier lawsuit was pending in the Court of Appeals. Rule 7.208(A) only prohibits the court from which an appeal is taken from setting aside or amending the specific judgment or order appealed from.

Affirmed.

*Colombo & Colombo, P.C.* (by *James H. Hudnut*), for the plaintiff.

*Patrick, Johnson & King, P.C.* (by *Patrick A. King* and *Paul H. Johnson, Jr.*), for the defendant.

Before: MURPHY, P.J., and KELLY and TALBOT, JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court order that granted summary disposition to defendant on the basis that plaintiff's claim was time-barred. We affirm. This appeal is being decided without oral argument pursuant to MCR 7.214(E).

Plaintiff argues on appeal that her claim was not time-barred because the period of limitation was tolled during the pendency of defendant's appeal to this Court in an earlier lawsuit. See *Yeo v State Farm Ins Co*, 219 Mich App 254, 258-259; 555 NW2d 893 (1996). We do not find plaintiff's argument to be persuasive.

Pursuant to the tolling statute, MCL 600.5856; MSA 27A.5856, the period of limitation was tolled during the pendency of plaintiff's original lawsuit, which was dismissed without prejudice. See *Sherrell v Bugaski*, 169 Mich App 10, 17; 425 NW2d 707 (1988). A dismissal without prejudice is not an adjudication on the merits and, therefore, the tolling statute applies. *Federal Kemper Ins Co v Isaacson*, 145 Mich App 179, 183; 377 NW2d 379 (1985). While we generally agree with plaintiff that tolling may extend during appellate proceedings, see *Darin v Haven*, 175 Mich App 144, 151-152; 437 NW2d 349 (1989), the period of limitation in this case was not tolled during the earlier appeal to this Court because the narrow issue raised in that appeal was whether the dismissal of plaintiff's claim on the basis of her failure to comply with a condition precedent to filing a lawsuit should have been *with* prejudice. Nothing prevented plaintiff from thereafter

submitting to the requisite examination under oath, which she did, nor was defendant prevented from subsequently denying plaintiff's claim, which it did. Contrary to plaintiff's argument, MCR 7.208(A) did not deprive the trial court of jurisdiction to entertain this lawsuit while the appeal of the earlier lawsuit was pending in this Court. Rule 7.208(A) only prohibits the court from which an appeal is taken from setting aside or amending the specific judgment or order appealed from. Accordingly, because plaintiff did not file the present lawsuit for nearly two years after defendant formally denied her claim, her lawsuit was time-barred. Summary disposition was properly granted.

Affirmed.