# STATE OF MICHIGAN

# COURT OF APPEALS

---

FADI ABDUL-ARIM MARKABANI,

      Plaintiff-Appellant,

v

HUSSAIN JALIEL AL-REKABI,

      Defendant-Appellee.

UNPUBLISHED
February 9, 2016

No. 324047
Wayne Circuit Court
LC No. 14-007219-NI

---

Before: CAVANAGH, P.J., and RIORDAN and GADOLA, JJ.

PER CURIAM.

Plaintiff appeals as of right the order granting defendant's motion for summary disposition premised on the expiration of the applicable statute of limitations in this third-party automobile negligence action. We reverse and remand.

This matter arises from a third-party automobile negligence claim that arose on May 11, 2009. The details of the alleged accident are irrelevant to this appeal. The issue before this Court pertains to plaintiff's contention that the applicable statute of limitations for the automobile negligence action was tolled during the pendency of his prior lawsuits pertaining to the accident and while one of those actions was on appeal to this Court.

The trial court granted summary disposition in favor of defendant based on the running of the applicable three-year statute of limitations. The grant or denial of a motion for summary disposition is reviewed de novo. *Tyra v Organ Procurement Agency of Mich*, 498 Mich 68, 78; 869 NW2d 213 (2015). As discussed in *Genesee Co Drain Comm'r v Genesee Co*, 309 Mich App 317, 323; 869 NW2d 635 (2015) (citations omitted):

> MCR 2.116(C)(7) provides that a party may file a motion to dismiss a case when "[e]ntry of judgment, dismissal of the action, or other relief is appropriate because of . . . immunity granted by law [or] statute of limitations. . . ." When it reviews a motion under MCR 2.116(C)(7), the court must "consider all documentary evidence and accept the complaint as factually accurate unless affidavits or other appropriate documents specifically contradict it." All well-pleaded allegations are accepted as true and construed in favor of the nonmoving party.

Issues of statutory interpretation are also subject to de novo review. *Tyra*, 498 Mich at 78.

-1-

Plaintiff contends the trial court erred in dismissing his lawsuit with prejudice premised on the running of the applicable statutory limitations period in MCL 600.5805(10). He argues that his action is saved by MCL 600.5856 because the statutory period was tolled during the pendency of his prior lawsuits and the prior appeal to this Court following the dismissal of his 2012 lawsuit without prejudice.

It is undisputed that MCL 600.5805(10), which states "the period of limitations is 3 years after the time of the death or injury for all actions to recover damages for the death of a person, or the injury to a person or property," governs plaintiff's automobile negligence claim. It is undisputed that the applicable limitations period would have expired despite tolling of the action during the times plaintiff's prior lawsuits were pending in the trial court. What is contested is whether MCL 600.5856 also tolled the relevant statutory limitations period while the prior appeal in this matter was pending.

MCL 600.5856 provides, in relevant part:

The statutes of limitations or repose are tolled in any of the following circumstances:

(a) At the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules.

(b) At the time jurisdiction over the defendant is otherwise acquired.

This Court has found that "MCL 600.5856 comes into play where a party files suit beyond the limitation period and seeks to toll the time that elapsed during a previously dismissed lawsuit against the same defendant from the date of service, acquisition of jurisdiction, or placement of process with an officer for delivery until a dismissal that is not based on the merits of the action." *Terrace Land Dev Corp v Seeligson & Jordan*, 250 Mich App 452, 459; 647 NW2d 524 (2002). When jurisdiction is obtained over a defendant, the limitations period is tolled. MCL 600.5856. "Prior lawsuits between parties will toll the running of the period of limitation where the prior lawsuit involves the same cause of action." *Great Lakes Gas Transmission Co v State Treasurer*, 140 Mich App 635, 649; 364 NW2d 773 (1985).

In general, the burden is on a defendant to establish the facts necessary to show that a period of limitation has expired. *Warren Consol Sch v W R Grace & Co*, 205 Mich App 580, 583; 518 NW2d 508 (1994). "A dismissal without prejudice is not considered to be an adjudication on the merits, and therefore the tolling statute applies." *Fed Kemper Ins Co v Isaacson*, 145 Mich App 179, 183; 377 NW2d 379 (1985). Our Supreme Court has previously indicated that a limitations period is "tolled while an appeal was pending pursuant to a claim of appeal." *Riza v Niagara Machine & Tool Works, Inc*, 411 Mich 915; __ NW2d __ (1981). Specifically, in *Darin v Haven*, 175 Mich App 144, 146-147; 437 NW2d 349 (1989), this Court found that an action being appealed is considered "pending" for purposes of MCR 2.116(C)(6). In *Darin* a question arose regarding the "pendency of an action in an appellate court" involving state law claims on appeal in the federal court system. *Id.* at 151. This Court stated:

Under MCL § 600.5856, the period of limitation on a cause of action is tolled during the time a prior suit is pending between the parties if the prior action is not

adjudicated on its merits. We have already determined that, during the pendency of the appeal to the Sixth Circuit, plaintiffs' state-law claims were "pending" for purposes of MCR 2.116(C)(6). It is only logical and fair to similarly construe "pending" for purposes of the tolling of the period of limitation to include the appellate litigation. Accordingly, if the federal court affirms the district court's order dismissing without prejudice the state law claims, the applicable periods of limitation on those causes of action were tolled for the duration of the federal litigation. [*Id.* at 151-152 (citations omitted).]

More recently, although tolling was found not to be applicable under the particular factual circumstances of the case, in *Yeo v State Farm Fire & Cas Ins Co*, 242 Mich App 483, 484; 618 NW2d 916 (2000) (citations omitted, emphasis in original), this Court stated:

Pursuant to the tolling statute, MCL § 600.5856, the period of limitation was tolled during the pendency of plaintiff's original lawsuit, which was dismissed without prejudice. A dismissal without prejudice is not an adjudication on the merits and, therefore, the tolling statute applies. While we generally agree with plaintiff that tolling may extend during appellate proceedings, the period of limitation in this case was not tolled during the earlier appeal to this Court because the narrow issue raised in that appeal was whether the dismissal of plaintiff's claim on the basis of her failure to comply with a condition precedent to filing a lawsuit should have been *with* prejudice.

Because all of plaintiff's prior lawsuits and the appeal to this Court were dismissed without prejudice or did not comprise adjudications on the merits of plaintiff's claim, the tolling provisions of MCL 600.5856 are applicable. See *Fed Kemper Ins Co*, 145 Mich App at 183.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Michael J. Riordan
/s/ Michael F. Gadola