# STATE OF MICHIGAN

# COURT OF APPEALS

LASALLE BANK MIDWEST, N.A., f/k/a
STANDARD FEDERAL BANK, N.A.,

UNPUBLISHED
April 28, 2016

Plaintiff/Counter-Defendant-
Appellee,

and

JAR INVESTMENT GROUP, L.L.C.,

Intervening Plaintiff-Appellee,

v

No. 324849
Genesee Circuit Court
LC No. 07-087177-CH

COMPUTER BUSINESS WORLD, L.L.C.,
MOTOR CONSULTANTS OF AMERICA, INC.,
and PARVIZ DANESHGARI,

Defendants/Counter-Plaintiffs-
Appellants.

Before: BECKERING, P.J., and OWENS and K. F. KELLY, JJ.

PER CURIAM.

Plaintiff, LaSalle Bank Midwest, N.A. ("LaSalle Bank"), originally filed this action in 2007, alleging that defendants defaulted on some business loans. In July 2009, the trial court dismissed the action without prejudice to allow the parties to submit their claims to binding arbitration. The July 2009 order provided that a final order was to be filed by the parties within 21 days, otherwise the court would dismiss the matter with prejudice on its own motion. The matter was never arbitrated, and an order of dismissal with prejudice was never filed or entered. In 2014, JAR Investment Group, L.L.C. ("JAR"), acquired LaSalle Bank's rights to the underlying contracts and moved to substitute itself for LaSalle Bank as the party plaintiff in this action. JAR also requested that the court order the parties to proceed with binding arbitration, consistent with the July 2009 order. In September 2014, the trial court granted JAR's motion to substitute as plaintiff, but denied its motion to compel arbitration and dismissed the action with prejudice. JAR moved for reconsideration of that order. In an opinion and order dated October 9, 2014, the trial court granted the motion for reconsideration, granted JAR relief from its earlier orders pursuant to MCR 2.612(C)(1)(a), (c), and (f), ordered the parties to arbitrate their claims

-1-

in accordance with their prior agreement, and dismissed the case without prejudice. The trial court denied defendants' subsequent motion for reconsideration of the October 2014 order. Defendants now appeal as of right. We affirm.

Defendants' primary issue on appeal concerns whether the trial court's July 2009 order dismissed this action with or without prejudice. The interpretation and meaning of a court order is reviewed de novo as a question of law. *Silberstein v Pro-Golf of America, Inc*, 278 Mich App 446, 460; 750 NW2d 615 (2008). A dismissal without prejudice is not an adjudication on the merits. *Yeo v State Farm Fire & Cas Ins Co*, 242 Mich App 483, 484; 618 NW2d 916 (2000). See also *McIntyre v McIntyre*, 205 Mich 496, 499; 171 NW 393 (1919). Conversely, a dismissal with prejudice constitutes an adjudication on the merits and bars a further action based on the same facts. *Grimmer v Lee*, 310 Mich App 95, 102; 872 NW2d 725 (2015).

The trial court ruled, and we agree, that the July 2009 order resulted in a dismissal of the action without prejudice. This conclusion is supported, initially, by the language of the order itself. The order placed the case in binding arbitration and expressly provided that "THIS MATTER IS DISMISSED without prejudice pursuant to MCR 2.504(2) [sic]." The court's citation to "MCR 2.504(2)" is incorrect, inasmuch as the court rule does not contain a subsection (2) to the principal rule. It is apparent that the court intended to cite MCR 2.504(A)(2), which provides:

> (2) *By Order of the Court*. Except as provided in subrule (A)(1), an action may not be dismissed at the plaintiff's request except by order of the court on terms and conditions the court deems proper.
>
> (a) If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the court shall not dismiss the action over the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.
>
> (b) *Unless the order specifies otherwise, a dismissal under subrule (A)(2) is without prejudice*. [Emphasis added.]

The statement in the July 2009 order that the matter was being dismissed without prejudice is consistent with the recognition in MCR 2.504(A)(2)(b) that a dismissal under that rule is deemed to be without prejudice, unless the order specifies otherwise. The trial court's conclusion that the July 2009 order was intended to dismiss the case without prejudice is also consistent with the court's pretrial scheduling order, which provided that if the parties agreed to binding arbitration, this "will result in the closing of this file for administrative purposes."

Defendants argue that the July 2009 order specified that the dismissal was with prejudice, because the order contained additional language providing that "[a] final order is to be filed by the parties within 21 days of today's date or the Court, on its own motion, will dismiss this matter with prejudice." It is undisputed that the parties never filed a final order, and that the trial court never entered a subsequent order dismissing the case with prejudice before JAR moved to join the action.

Defendants argue that the language of the order was self-executing, meaning that if no order was submitted by the parties after 21 days, the case would automatically be dismissed with prejudice. We disagree, because the clear terms of the order required further action by the parties or the trial court before the case would be dismissed with prejudice. Furthermore, it would have been improper for the court to dismiss the case with prejudice as a sanction for one of the parties not filing a final order within 21 days. Defendants assert that the trial court could have involuntarily dismissed the case with prejudice under MCR 2.504(B) because LaSalle Bank, by failing to file a final order, failed to comply with the trial court's dismissal order. However, the July 2009 order did not direct a particular party to file a final order. Therefore, it would have been inappropriate to sanction one party over the other for not complying with that provision. Further, to the extent that the parties' failure to pursue arbitration or file a final order could be equated with a lack of progress, a dismissal for lack of progress is properly characterized as a closure for administrative purposes, which does not operate as an adjudication on the merits. See *Wickings v Arctic Enterprises, Inc*, 244 Mich App 125, 135; 624 NW2d 197 (2000). See also MCR 2.502(B)(1) (a dismissal for lack of progress is without prejudice, unless the court specifies otherwise).

In sum, the trial court's intent to dismiss the matter without prejudice while the parties proceeded with arbitration is reflected in both the trial court's pretrial scheduling order and the July 2009 order itself, and that intent is also consistent with MCR 2.504(A)(2)(b). And while the July 2009 order contemplated that a dismissal with prejudice could occur if the parties filed an appropriate order within 21 days of the July 2009 order, or if the court thereafter dismissed the case with prejudice, neither of those events occurred. Accordingly, the trial court did not err in ruling that the case had not been dismissed with prejudice.

Defendants further argue that even if the trial court did not dismiss the case with prejudice in 2009, it should have done so in 2014, when JAR moved to join the case and compel arbitration. In support of this argument, defendants simply rely on the statement in the original July 2009 order that the court would dismiss the case on its own motion if the parties did not file their own final order. As indicated earlier, however, the trial court never entered an order of dismissal with prejudice, and it would have been improper to do so because the court dismissed the case for the purpose of allowing the parties to proceed with arbitration, not because of any adjudication on the merits.

Defendants also argue that the trial court erred when it granted JAR's motion to be substituted in place of LaSalle Bank as the party plaintiff.[1]  A trial court's decision to allow substitution of a party under MCR 2.202 is discretionary.  *Mather Investors, Inc v Larson*, 271 Mich App 254, 260; 720 NW2d 575 (2006).  We review that decision for an abuse of discretion. *Id.*

MCR 2.202(D) allows substitution at any stage, before or after judgment.  JAR presented evidence that it acquired LaSalle Bank's rights and interests in the loan agreement that was the basis for LaSalle Bank's claims against defendants.  This was sufficient to justify substitution under MCR 2.202(B).  Defendants argue that substitution was improper because the case had been dismissed with prejudice in 2009.  As explained previously, however, the trial court did not err in determining that the 2009 dismissal was without prejudice.  Accordingly, the trial court did not abuse its discretion in permitting JAR's substitution in place of LaSalle Bank.

We also reject defendants' arguments that JAR's claims are barred by collateral estoppel, res judicata, the statute of limitations, or laches.  These arguments are dependent upon defendants' incorrect position that the case was dismissed with prejudice in 2007.  Collateral estoppel and res judicata only apply to claims or actions actually litigated.  When a case has been dismissed without prejudice, there is no adjudication on the merits and, consequently, res judicata or collateral estoppel do not apply.  *Mable Cleary Trust v Edward-Marlah Muzyl Trust*, 262 Mich App 485, 509-510; 686 NW2d 770 (2004), overruled on other grounds in *Titan Ins Co v Hyten*, 491 Mich 547, 555 n 4; 817 NW2d 562 (2012).  In addition, the statute of limitations is tolled when a case is dismissed without prejudice.  *Yeo*, 242 Mich App at 484.  For laches to apply, there must evidence of both lack of diligence on the plaintiff's part and prejudice to the defendant due to the untimely claim.  *Regents of Univ of Mich v State Farm Mut Ins Co*, 250

---

[1] We reject JAR's argument that defendants cannot challenge the trial court's September 5, 2014 order in which the court granted JAR's substitution motion because defendants did not file a claim of appeal from that order.  To the extent that the September 5 order may have originally qualified as a final order under MCR 7.202(6) (defining a "final order" as "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties, including such an order entered after reversal of an earlier final judgment or order"), it lost that character when, on JAR's timely filed motion for reconsideration, the trial court vacated that order in part and issued a new substantive order on October 9, 2014, requiring the parties to arbitrate their claims.  The October 9, 2014 order therefore qualifies as the final order under MCR 7.202(6).  Under MCR 7.204(A)(1), an appeal by right must be filed within 21 days after entry of the order being appealed, or within 21 days after entry of an order denying a timely filed motion for post-judgment relief.  On October 30, 2014, defendants timely filed a motion for reconsideration of the October 9 order.  The trial court denied that motion on November 19, 2014, and defendants timely filed their claim of appeal on December 1, 2014.  Having timely appealed the October 9 order, defendants properly may raise issues on appeal related to prior orders, *Green v Ziegelman*, 282 Mich App 292, 301 n 6; 767 NW2d 660 (2009), including the September 5 order.

Mich App 719, 734; 650 NW2d 129 (2002). Both sides contributed to the delay in this case and defendants have not demonstrated prejudice arising from the delay.

Defendants lastly argue that after having dismissed the case with prejudice in September 2014, the trial court erred when it subsequently granted JAR's motion for reconsideration, changed its decision, and granted relief from its prior orders under MCR 2.612 by requiring the parties to arbitrate their claims. A trial court's decision to grant reconsideration is reviewed for an abuse of discretion. *In re Beglinger Trust*, 221 Mich App 273, 279; 561 NW2d 130 (1997). A trial court's decision to grant relief from a judgment or order under MCR 2.612 is also reviewed for an abuse of discretion. *Peterson v Auto Owners Ins Co*, 274 Mich App 407, 412; 733 NW2d 413 (2007). An abuse of discretion occurs when the court's decision is outside the range of reasonable and principled outcomes. *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008).

MCR 2.119(F)(3) provides that the court may grant reconsideration of a decision if the moving party "demonstrate[s] a palpable error by which the court and the parties have been misled and show[s] that a different disposition of the motion must result from correction of the error." The trial court stated that it misunderstood the relevant facts when it dismissed the case with prejudice in September 2014, and that its misunderstanding affected its previous conclusion that the case should be dismissed with prejudice. As explained previously, the trial court did not err in determining that, under the circumstances, the case was dismissed without prejudice in 2009, and that JAR was entitled to file its motion for substitution to join the action in 2014. Accordingly, the trial court did not abuse its discretion in granting JAR's motion for reconsideration under MCR 2.119(F)(3).

The trial court stated that "[t]o the extent that any of this Court's previous orders relieved the parties of their agreement and obligation to arbitrate the claims of this case, those orders are rescinded in the interests of justice. MCR 2.612(C)(1)(a), (c), and (f)." This statement suggests that the court was granting relief from the July 2009 order to the extent that it purported to operate as a dismissal with prejudice and relieved the parties of their agreement to arbitrate their claims.

MCR 2.612(C)(1)(a) allows the court to grant relief for mistake, inadvertence, surprise, or excusable neglect. Subsection (C)(1)(c) allows for relief due to fraud, misrepresentation, or other misconduct of an adverse party. Subsection (C)(1)(f) allows relief for any other reason justifying relief from the operation of the judgment or order. The trial court reasoned that it dismissed the case in July 2009, pursuant to the parties' agreement that they would submit their claims to arbitration.

The trial court stated that it was not its intention to reward defendants for not fulfilling their agreement to arbitrate, and therefore, relief was justified to the extent that its previous orders could be read as relieving the parties of their obligation to arbitrate their claims, in accordance with their agreement. To the extent that the trial court's prior orders could be construed as dismissing the case with prejudice, the trial court was justified in concluding that this was a mistake that justified relief under subsection (C)(1)(a) because that was not the intent of the orders. Further, it was not inappropriate for the trial court to characterize defendants' refusal to arbitrate as misconduct justifying relief under subsection (C)(1)(c), where defendants

-5-

expressly agreed to arbitrate the claims, that agreement succeeded in obtaining dismissal of the case, and defendants were now refusing to arbitrate the claims. Likewise, defendants' agreement to arbitrate their claims justified relief from the prior orders to the extent that the orders unjustly relieved them of that obligation, thereby warranting relief under subsection (C)(1)(f).

Furthermore, it was not improper for the trial court to order the parties to arbitrate their claims. The case was originally closed so that the parties' claims could be arbitrated. The trial court merely ordered the parties to proceed with arbitration, consistent with their original agreement. Although defendants argue that LaSalle Bank waived its claims by not pursuing arbitration, defendants failed to take appropriate action by submitting a final order to have the case properly dismissed. Because there was still an agreement to arbitrate that remained in place, the trial court properly ordered the parties to comply with that agreement. See also MCR 3.602(B)(2) (on motion of a party showing an agreement to arbitrate and the opposing party's refusal to arbitrate, the court may order the parties to proceed with arbitration).

Affirmed.


/s/ Jane M. Beckering
/s/ Donald S. Owens
/s/ Kirsten Frank Kelly

-6-