# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 1, 2007

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

131654

MATHER INVESTORS, LLC, d/b/a
MATHER NURSING CENTER,
      Plaintiff-Appellant,

v

SC: 131654
COA: 261638
Marquette CC: 03-040829-CK

WILLIAM LARSON,
      Defendant-Appellee,

and

ALICE MADDOCK,
      Defendant.

_____/

On May 10, 2007, the Court heard oral argument on the application for leave to appeal the June 6, 2006 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is GRANTED. The parties shall include among the issues to be briefed: (1) whether the circuit court properly dismissed this case under MCR 2.202(A) for plaintiff's failure to substitute in a timely manner the estate of Alice Maddock, the deceased debtor, when Maddock was never a party to the action; (2) whether the presence of Maddock's estate is "essential to permit the court to render complete relief" under MCR 2.205(A), and, if so, whether the circuit court should have analyzed the effect of plaintiff's failure to join the estate under MCR 2.205(B); (3) whether Maddock's estate would represent any separate rights or interests that are not otherwise represented by defendant Larson; (4) whether defendant Larson has sufficient information and/or standing to raise any defenses or counter-claims the estate may have against plaintiff; (5) whether the UFTA, MCL 566.31 *et seq.*, generally requires a debtor to be joined in an action, when the debtor no longer has an interest in the property at issue; (6) whether the UFTA permits an action *solely* against the first transferee of an asset, MCL 566.38(2)(a), regardless of whether a right to payment has been reduced to judgment, MCL 566.31(c); (7) whether the UFTA displaces those cases that evaluate whether a debtor is a necessary party in an action to set aside a fraudulent conveyance under the common law, such as *Paton v Langley*, 50 Mich 428 (1883), and *Bixler v Fry*,

157 Mich 314 (1909), both discussed in the Court of Appeals opinion; (8) whether a judgment against a debtor is ever necessary to obtain a judgment avoiding a transfer against the transferee under MCL 566.38, and if not, whether the avoidance of the transfer is enforceable against the transferred asset, MCL 566.37(2), or only against the transferee's unrelated assets; and (9) whether the UFTA and MCR 2.205(A) are in conflict in this case and, if so, which should prevail.

The Probate & Estate Planning and Elder Law and Advocacy Sections of the State Bar of Michigan, the Michigan Health and Hospital Association, and the Michigan Creditors Bar Association are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 1, 2007

Corbin R. Davis
Clerk

s0529