BIXLER *v.* FRY.

1. EQUITY—BULK SALES LAW—PARTIES.
    To a bill in equity for an accounting, and other relief based on the provisions of Act No. 223, Pub. Acts 1905, avoiding the sale of stocks of merchandise in bulk not in the ordinary course of trade, the debtor is a necessary party.[1] MOORE and BROOKE, JJ., dissenting.

2. SAME—JUDGMENT CREDITORS.
    It is held by an equally divided court, in agreement with the opinion of the circuit judge, that a creditor must, before resorting to equity in order to obtain relief under the "Bulk Sales Law," secure a judgment in an action at law against the debtor. MONTGOMERY, MOORE, MCALVAY, and BROOKE, JJ., dissenting.

3. SAME—ADEQUATE REMEDY AT LAW.
    *Quære*—Whether the creditor has an adequate remedy at law.

[1] As to statutory regulation of the sale of stock of goods in bulk. see note to *Everett Produce Co.* v. *Smith* (Wash.), 2 L. R. A. (N. S.) 331.

OSTRANDER, J., and BLAIR, C. J., and GRANT and HOOKER, JJ., concur in holding the legal remedy by garnishment adequate; MOORE, MONTGOMERY, MCALVAY, and BROOKE, JJ., dissenting.

Appeal from Leelanaw; Mayne, J. Submitted February 11, 1909. (Docket No. 161.) Decided July 6, 1909.

Bill by Miles F. Bixler against John Fry for the appointment of a receiver, an accounting, and a sale of property conveyed to defendant in violation of Act No. 223, Pub. Acts 1905. From an order overruling a demurrer to the bill, defendant appeals. Reversed.

*Amil F. Nerlinger*, for complainant.

*John J. Tweddle*, for defendant.

OSTRANDER, J. Complainant charges in his bill of complaint that he is a creditor of R. S. Drew, and that there are other creditors of said Drew whose names and the amount of whose demands he is unable to state; that said Drew sold his stock of merchandise to the defendant, who claims to have paid the purchase price, without complying with the provisions of Act No. 223 of the Public Acts of 1905; that the sale was void as to creditors of Drew, who has no other property or effects or means out of which creditors can secure their demands. In behalf of himself and of all other creditors of said Drew, he prays that a receiver of said goods may be appointed, an accounting had, the property disposed of, and the proceeds distributed to creditors. It is not charged that the complainant is a judgment creditor of Drew. It is not charged that defendant, Fry, is pecuniarily irresponsible.

To this bill defendant, Fry, interposed a demurrer, the third ground of which is the nonjoinder of Drew as a party defendant, the fourth ground, that complainant has not recovered a judgment at law against Drew, and the

fifth ground, that the complainant has an adequate remedy at law. It was held in *Musselman Grocer Co.* v. *Kidd, Dater & Price Co.*, 151 Mich. 478 (115 N. W. 409), that a purchaser may be garnished by the creditor; expressly overruling the contention that a receiver must be appointed to hold the property sold for the benefit of all creditors of the seller. This ruling necessarily disposed of the contentions that the statute itself provided for or indicated a proceeding *in rem* or for the exclusive jurisdiction of a court of equity. This construction of the statute also excludes the idea that in the statute itself is found provision for the co-ordinate jurisdiction of courts of equity and of law. The most that can be said is that the statute does not necessarily exclude equitable interference, if such interference is warranted under general rules.

It is one of the elementary rules of equity pleading that necessary parties shall be brought upon the record. The debtor, the person against whom the demand of the complainant is asserted, the party to the contract which is the foundation of complainant's right to proceed at all, the person charged with making a void sale of his property, is a necessary party defendant.

But, further than this, we are referred to no rule which permits the maintenance of the bill, even with proper parties, by one who is not a judgment creditor. The right to attack a void sale or transfer of property is no other or different than the right to attack a sale or transfer voidable merely. A court of equity is open to a judgment creditor to attack and set aside transfers of property made by his debtor. If it appears that complainant has an adequate remedy at law, jurisdiction will ordinarily be denied. That complainant here has a remedy at law must be admitted. It is not made to appear that the remedy is inadequate. The learned trial court was of opinion that to delay the appointment of a receiver until creditors had recovered judgments might render the statute of no benefit to creditors, and, without passing upon the contention

that Drew is a necessary party defendant, acted upon
what was deemed the necessity of the case in overruling
the demurrer.

We are of the opinion that the bill makes no case for
the appointment of a receiver and that the demurrer there-
to should be, for the reasons given, sustained.    Order
overruling the demurrer is reversed, with costs of both
courts.    The record will be remanded for further proceed-
ings as complainant may be advised.

BLAIR, C. J., and GRANT and HOOKER, JJ., concurred
with OSTRANDER, J.

MONTGOMERY, J.    I concur on the ground of want of
parties.

MCALVAY, J., concurred with MONTGOMERY, J.

MOORE, J. (*dissenting*).    The material portions of the
bill of complaint filed in this case are in substance as fol-
lows:

"Your orator, Miles F. Bixler, files this bill of com-
plaint in behalf of himself and all other creditors of one
R. S. Drew, whose Christian name is unknown; that R.
S. Drew became indebted to your orator in the sum of
one hundred twenty-eight dollars, no part of which has
ever been paid; that the said R. S. Drew also became in-
debted to other creditors, the amounts and names of
which your orator is unable to give; that on or about the
14th day of January, 1907, the said R. S. Drew sold to
one John Fry all his interest and the entire stock of
goods, furniture, and fixtures in possession of R. S. Drew;
that said stock was worth about five hundred dollars, and
about one hundred twenty-eight dollars thereof was mer-
chandise sold him by your orator; that the sale of said
stock of merchandise and the said fixtures pertaining to
the said business of R. S. Drew was in bulk, and the
whole thereof transferred to the said John Fry at once,
and was not sold in the ordinary course of trade; that
the said R. S. Drew or John Fry or either of them had
not made an inventory of said stock and fixtures, and the
said John Fry did not demand and receive from the said
R. S. Drew any written list and names and addresses of

the creditors of the said R. S. Drew with the amount of indebtedness due or owing to each creditor and certified by the said R. S. Drew, under oath to be a full, accurate, and complete list of his creditors and of his indebtedness, and that the said John Fry had not at any time before taking possession of said stock of merchandise, furniture and fixtures, notified personally, or by registered mail or in any manner whatever, the creditors of said R. S. Drew, or any of them, of the proposed sale, of the prices, terms, and conditions thereof as required by Act No. 223 of the Public Acts of the State of Michigan of 1905, although said act was then in full force and effect; that said sale is void by the terms of said act; that, at the time of said sale as your orator is informed and believes, the said R. S. Drew, had no property or means wherewith to pay his creditors the amounts due them, or out of which their several claims or any of them could be collected, except said stock of goods and fixtures which was sold as aforesaid.

"Your orator, therefore, in behalf of himself and all other creditors of said R. S. Drew, asks the aid of this court in the premises, he being remediless in the courts of the common law; that said John Fry be decreed to hold all of said stock, furniture, and fixtures as receiver and in trust for the creditors, etc., * * *; that your orator and any other creditors of said R. S. Drew may have such other or further relief in the premises as shall be agreeable to equity and good conscience."

The defendant demurred to the bill for the following reasons:

"(1) Because the matters stated and charged in complainant's bill of complaint do not entitle complainant to the equitable relief therein prayed for. * * *

"(3) Because of the nonjoinder of R. S. Drew, as a defendant in said cause.

"(4) Because the complainant never has recovered a judgment against said R. S. Drew or had his claim otherwise adjudicated.

"(5) Because said complainant, under the claimed facts, has a full and adequate remedy at law against said R. S. Drew, and is not entitled to commence or maintain a suit in equity. * * *

"(7) Because under the laws and practice in the State of Michigan, where the distinction between the law and

equity cases are treated separately and distinctly, a court of chancery has no power to adjudicate and determine the validity and legality of the claim arising upon contract."

The demurrer was overruled, and the case is brought here for review. Counsel argue at length each of the reasons assigned in the demurrer. The complainant insists that he is entitled to maintain his bill under the provisions of the "sales in bulk act," so called, being Act No. 223, Pub. Acts 1905. Some provisions of this act were construed in *Spurr* v. *Travis*, 145 Mich. 721 (108 N. W. 1090, 116 Am. St. Rep. 330); *Musselman Grocer Co.* v. *Kidd, Dater & Price Co.*, 151 Mich. 478 (115 N. W. 409).

The questions raised by this record have not been passed upon by this court and, so far as we are advised, by any court. The effect of the demurrer to the bill is to admit the truth of its averments. These, in substance, aver a sale to a debtor who is now insolvent, and who has sold all his property to the defendant under circumstances which make the sale void. The case is unlike the two cases already cited, which were proceedings in behalf of a single creditor. The bill is filed, not only in behalf of the complainant, but in behalf of all the other creditors. It calls for an accounting and for a receivership. It is not necessary to quote the provisions of Act No. 223, Pub. Acts 1905, as they are so easily accessible, but we think a reading of them establishes the authority of a court of equity to interfere in such a case as is stated in the bill of complaint.

The decree of the court below should be affirmed.

BROOKE, J., concurred with MOORE, J.