TICE *v.* WRIGHT, HOYT & CO., INC.

**1. REMOVAL OF CAUSES—SEPARABILITY OF CAUSES—PARTIES.**

In suit by property owner against insurance agency to compel delivery of fire insurance policy and insurance company for payment of fire loss, relief, if any, against agency would be obtainable only in such a suit as would constitute a separable cause of action from that presented in equity suit; relief against the company would dispose of necessity of relief against the agency and a decree could be awarded for the company in the absence of its agent, hence removal of company's case to Federal court should be permitted so far as separability of causes and dispensability of parties is concerned.

**2. SAME—JURISDICTION—CITIZENSHIP OF PARTIES—FORMAL PARTIES.**

Jurisdiction of Federal courts is not to be defeated by joining formal or unnecessary parties who are citizens of the same State as the plaintiff, and on the question of jurisdiction an unnecessary or dispensable party will not be considered.

**3. SAME—INTEREST OF PARTIES—FINAL DETERMINATION—EQUITY.**

On the matter of removing a cause to the Federal court, indispensable parties to an action are those who not only have an interest in the controversy but an interest of such a nature that a final decree cannot be made without either affecting that interest or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience.

**4. SAME—REAL PARTIES IN INTEREST—RESIDENCE OF FORMAL PARTIES IMMATERIAL.**

The citizenship or residence of the real, as distinguished from the nominal, parties governs the matter of removability and although a resident defendant may be a proper party if he is not indispensable he will be treated as a nominal party and not stand in the way of a removal.

Appeal from St. Clair; Robertson (William), J. Submitted April 19, 1938. (Calendar No. 39,977.) Decided June 6, 1938.

Bill by Henry Tice against Wright, Hoyt & Company, Inc., a Michigan corporation, and Home Insurance Company of New York, a New York corporation, to require delivery of a fire insurance policy and a money decree for fire loss. Defendant Home Insurance Company petitioned for removal of cause to the United States District Court. Petition denied. Defendant Home Insurance Company reviews by appeal in the nature of mandamus. Writ granted.

*J. Frank Wilson* (*Stewart & Black,* of counsel), for plaintiff.

*Walters & Head,* for defendant Home Insurance Company.

NORTH, J. This is an action brought in the circuit court of St. Clair county in chancery against Wright, Hoyt & Co., Inc., a Michigan corporation, to require it to make delivery of a policy of fire insurance, and against the Home Insurance Company of New York, a New York corporation, to recover on the policy for a fire loss sustained by plaintiff, a resident of Michigan. Specifically plaintiff's prayer for relief is:

"(a) That said defendants be compelled to answer each and all of the allegations herein contained, and particularly the allegation respecting identity of the insurer intended and contemplated by such binder, upon their corporal oath.

"(b) That this court, by its decree, declare and adjudge that the defendant Home Insurance Company of New York was the insurer who became obligated to plaintiff on account of issuance of such binder and sustainment by plaintiff of such insured loss, and that its said agent be compelled, by this court's decree, to deliver to plaintiff the policy called for by such binder.

"(c) That plaintiff be granted this court's money decree requiring payment to plaintiff by defendant Home Insurance Company of New York, of plaintiff's insured loss as aforesaid."

On May 6, 1937, Wright, Hoyt & Co., Inc., insurance agents, issued a binder to the plaintiff for fire insurance in the sum of $4,000 in the Home Insurance Company. The property alleged to be covered by the binder and contemplated policy was destroyed by fire on or about June 21, 1937. The policy had not been delivered by the agent to the insured at the time of the fire nor has it since been delivered. The defendant insurance company filed a petition to have this suit removed to the United States district court, eastern district of Michigan, southern division. The grounds of removal asserted are that the bill shows a separable controversy between plaintiff and the insurance company, and that the local defendant, Wright, Hoyt & Co., Inc., a Michigan corporation, is not a proper party to this suit. Plaintiff opposed the petition for removal of the cause, such opposition being on the ground that the petition was legally insufficient. The trial judge denied the petition for removal. Defendant insurance company has taken this appeal in the nature of mandamus.

The prayer in plaintiff's bill seeks relief from the defendant insurance agency only to the extent of having it reveal the identity of its principal and deliver the insurance policy to plaintiff. A copy of

the binder is attached to plaintiff's bill of complaint, and from this copy it appears the agent issued the binder for the defendant Home Insurance Company. It is so alleged by plaintiff in his bill of complaint; and further plaintiff has already proceeded in this suit against the alleged insurer. Disclosure by the agent of its principal would now be of no advantage to plaintiff. The fact can be established by the agent's testimony without its being a party defendant. No money damages are asked against the insurance agency; but instead the bill of complaint alleges that plaintiff needs the policy to enable him to be certain of the company in which he is insured, to file proofs of loss, and to ascertain the amount of premium plaintiff should pay. It thus appears that the only material relief plaintiff seeks as against Wright, Hoyt & Co., Inc., is possession of an evidentiary document to enable him to prosecute his suit successfully against the insurance company. Plaintiff has not alleged a right of action which would entitle him to any essential equitable relief as against the insurance agency. If plaintiff is entitled to any relief against this agency, clearly it would be obtainable only in such a suit as would constitute a separable cause of action from that presented in the instant suit. See *Genuine Panama Hat Works, Inc.*, v. *Webb,* 36 Fed. (2d) 265.

Appellant's right to removal depends upon whether Wright, Hoyt & Co., Inc., as the agent of appellant is an indispensable party defendant. The rule in regard to indispensable parties and removal is stated in *Salem Trust Co.* v. *Manufacturers' Finance Co.,* 264 U. S. 182 (44 Sup. Ct. 266, 31 A. L. R. 867), as follows:

"District courts have jurisdiction if all the parties on the one side are of citizenship diverse to those

on the other side.    Jurisdiction cannot be defeated
by joining formal or unnecessary parties.    The right
of removal * * * is not affected by the fact that one
of the defendants is a citizen of the same State as the
plaintiff, if that defendant is not an indispensable
party to the controversy between plaintiff and de-
fendant who are citizens of different States.    *Bar-
ney* v. *Latham,* 103 U. S. 205. * * * On the question
of jurisdiction, an unnecessary and dispensable
party, will not be considered.'' ,

The following definition of indispensable parties
is found in *Egyptian Novaculite Co.* v. *Stevenson*
(C. C. A.), 8 Fed. (2d) 576:

''Indispensable parties have been defined as 'per-
sons who not only have an interest in the con-
troversy, but an interest of such a nature that a final
decree cannot be made without either affecting that
interest, or leaving the controversy in such a con-
dition that its final determination may be wholly in-
consistent with equity and good conscience.' *Shields*
v. *Barrow,* 17 How. (58 U. S.) 130.''

*In re Water Right of Utah Construction Co.,* 30
Fed. (2d) 436, it is stated:

''The citizenship or residence of the real, as
distinguished from the nominal, parties, governs the
matter of removability. * * * And the removal can-
not be defeated by the presence of a resident defend-
ant who is a formal party, although he may be a
proper party, and, if he is not an indispensable
party, he may be treated as a nominal party and not
standing in the way of a removal.''

The bill of complaint herein does not set up a
joint cause of action against the principal and the
agent asking for money damage from both of them.
It merely seeks a money recovery from the insurance
company and joins the agent for the obvious pur-

pose of obtaining the document on which the action is predicated. Assuming (as we must if plaintiff has alleged any cause of action against appellant) that the defendant agent was acting as the agent of the defendant insurance company, the joinder of the agent was nonessential. The policy could be procured by serving a notice to produce since the policy was in the control of the defendant insurance company through its agent. If a money decree were awarded against the insurance company this controversy would be settled and there would be no need for granting the relief sought against the agency. Likewise a decree could be entered for the insurance company in the absence of its agent. A finding of liability or of no liability can be made and a final determination of this suit accomplished without joining the agent. The bill of complaint, including the character of the relief sought against the respective defendants, conclusively discloses that the insurance agency, Wright, Hoyt & Co., Inc., is not an indispensable party; and further if plaintiff is entitled to any substantial relief against this agency, his cause of action therefor is entirely separate from his alleged cause of action against appellant.

The order of the trial judge denying and quashing appellant's petition for removal of this cause to the United States district court should be set aside and an order entered in accordance with the prayer of appellant's petition. Costs to appellant.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred.