MATHER INVESTORS, LLC v LARSON

Docket No. 261638. Submitted May 9, 2006, at Marquette. Decided June 6, 2006, at 9:10 a.m. Leave to appeal sought.

Mather Investors, LLC, brought an action in Marquette Circuit Court against William Larson and Alice Maddock for breach of contract and fraudulent transfer under the Uniform Fraudulent Transfer Act UFTA), MCL 566.31 *et seq.*, after Maddock, who owed the plaintiff money for nursing home bills, allegedly transferred all her assets to Larson. Maddock died before the plaintiff served her with process, and she was dismissed from the suit. The court, John R. Weber, J., granted Larson's motion for summary disposition, ruling that because the plaintiff had neither properly served Maddock nor joined her estate in the action, Larson could not be held liable for the debt under the UFTA. The plaintiff appealed.

The Court of Appeals *held*:

1. The trial court did not err in granting summary disposition. Although the UFTA does not require joinder of the debtor transferor, binding precedent indicates that the dispositive inquiry is whether the circumstances of the individual case permit complete adjudication without joining the debtor transferor. The trial court correctly found that complete adjudication was not possible without joining Maddock or her estate because her liability for the claim had not yet been determined.

2. The trial court did not abuse its discretion in denying the plaintiff's motion to substitute Maddock's estate in place of Maddock. Because the motion for substitution was untimely under MCR 2.202(A)(1)(b), the plaintiff was required to show that the substitution would not prejudice the defendant. The trial court's finding that the substitution would prejudice the defendant because of delay was not clearly erroneous.

Affirmed.

1. Fraudulent Conveyances — Parties — Joinder.

A debtor transferor must be joined as a party in a suit under the Uniform Fraudulent Transfer Act if complete adjudication of the claim is otherwise not possible (MCL 566.31 *et seq.*).

2. FRAUDULENT CONVEYANCES — PARTIES — DETERMINATION OF LIABILITY.

Complete adjudication of a claim under the Uniform Fraudulent Transfer Act is not possible where liability on the underlying claim has not been determined (MCL 566.31 *et seq.*).

*Randolph B. Osstyn* for the plaintiff.

*Houghton Law Office, P.C.* (by *Bruce L. Houghton*), for the defendant.

Before: SAWYER, P.J., and KELLY and DAVIS, JJ.

DAVIS, J. Plaintiff appeals as of right an order of dismissal. We affirm.

This case arose out of Alice Maddock's stay at a nursing center operated by plaintiff, Mather Investors, LLC, where she allegedly incurred approximately $53,000 in nursing home bills. Meanwhile, Maddock allegedly transferred all her assets, amounting to more than $63,000 in real estate and bank account funds, to defendant William Larson. Plaintiff sued both defendants for breach of contract for failure to pay for services rendered and fraudulent transfer under the Uniform Fraudulent Transfer Act (UFTA), MCL 566.31 *et seq.* Plaintiff failed to serve Maddock before her death, and she was dismissed from the suit. Plaintiff alleged no contractual relationship with Larson. No estate was opened for Maddock. In relevant part, defendant moved for summary disposition on the grounds that Maddock or her estate were necessary parties, and defendant could not be liable under the UFTA without a determination that Maddock or her estate were liable to plaintiff on a debt. The trial court agreed, but gave plaintiff an opportunity to move to substitute the estate if it could prove a lack of prejudice. The trial court ultimately denied plaintiff's motion to do so and dismissed the case. Plaintiff appeals.

Plaintiff first argues that a suit under the UFTA to void an allegedly fraudulent transfer does not require the transferor, here Maddock or her estate, to be joined. This is an issue of first impression in Michigan. "There is no material issue of fact [in this case], and the trial court rendered its decision as a matter of law. Issues of law are subject to review de novo." *Duggan v Clare Co Bd of Comm'rs*, 203 Mich App 573, 575; 513 NW2d 192 (1994) (citation omitted).

In relevant part, MCL 566.38(2)(a) of the UFTA provides as follows:

> Except as otherwise provided in this section, to the extent a transfer is voidable in an action by a creditor under section 7(1)(a), the creditor may recover a judgment for the value of the asset transferred, as adjusted under subsection (3), or the amount necessary to satisfy the creditor's claim, whichever is less. The judgment may be entered against . . . [t]he first transferee of the asset or the person for whose benefit the transfer was made.

The plain language of the UFTA does not require the creditor to join the debtor alleged to have made the fraudulent transfer. Michigan has generally addressed the need to join the grantor in a suit by a creditor to recover a fraudulent transfer made to a defendant grantee. The cases appear on the surface to be divergent, but in fact they are not.

In *Paton v Langley*, 50 Mich 428; 15 NW 537 (1883), the plaintiff sued to recover property conveyed by an allegedly defective deed. The plaintiff joined all beneficiaries of the deed, but did not join the grantors. Our Supreme Court held that no "interest, legal or equitable, remained in the grantors which made them necessary parties to a suit," and all other interested parties had been joined, so "the parties were sufficient to authorize the suit to be disposed of." *Id.*, 433-434. In

*Bixler v Fry*, 157 Mich 314; 122 NW 119 (1909), the creditor of a seller who allegedly sold stock in violation of the Bulk Sales Act[1] sought recovery of the goods sold from the buyer. The buyer demurred on the grounds that the seller had not been joined, that no judgment at law had been obtained against the buyer, and that the plaintiff had an adequate remedy at law. Our Supreme Court held:

> It is one of the elementary rules of equity pleading that necessary parties shall be brought upon the record. The debtor, the person against whom the demand of the complainant is asserted, the party to the contract which is the foundation of complainant's right to proceed at all, the person charged with making a void sale of his property, is a necessary party defendant. [*Id.*, 316.]

Our Supreme Court also emphasized that the "court of equity is open to a judgment creditor to attack and set aside transfers of property made by his debtor," but proper parties were irrelevant where the complainant was not, in fact, a judgment creditor. *Id.*

*Paton* and *Bixler* appear to reach contrary results: *Paton* did not require the grantor to be joined, but *Bixler* did. However, both cases merely applied the venerable rule that joinder is required of all parties "concerned in the controversy . . . to have their respective interests charged or protected, and to end the controversy once for all." *Brown v Kalamazoo Circuit Judge*, 75 Mich 274, 280; 42 NW 827 (1889). A party is "indispensable" to a case if that party has " ' "an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and

---

[1] 1905 PA 223, later codified at 1948 CL 442.1-442.3 and repealed by 1962 PA 174, 1970 CL 440.9992.

good conscience." ' " *Tice v Wright, Hoyt & Co, Inc*, 284 Mich 435, 439; 280 NW 19 (1938), quoting *Egyptian Novaculite Co v Stevenson*, 8 F2d 576, 580 (CA 8, 1925), quoting *Shields v Barrow*, 17 How (58 US) 130, 139; 15 L Ed 158 (1854). However, "where a party's presence in the action is not essential to the court rendering complete relief, factors such as judicial economy or avoidance of multiple litigation are not enough to compel joinder." *Hofmann v Auto Club Ins Ass'n*, 211 Mich App 55, 96; 535 NW2d 529 (1995) (discussing MCR 2.205[A]).

In *Paton*, our Supreme Court found it a simple matter to determine that all parties with any interest whatsoever in the case had already been joined, making additional joinder unnecessary. In *Bixler*, the relevant statute imposed liability for an unjoined party's failure to comply with certain requirements, and the plaintiff had not obtained a judgment against that unjoined party. Our Supreme Court did not require the seller's joinder as a debtor, but because the plaintiff had no right to proceed without demonstrating that the seller had, in fact, violated the provisions of the statute. Furthermore, the Bulk Sales Act could only void a transaction as to the creditor. The "sale as between the seller and buyer [remains] valid; but if the seller has been guilty of any fraud to the injury of the buyer, or if there has been a grossly inadequate consideration . . . the seller cannot hide behind the statute and thus avoid liability to the purchaser." *Albright v Stockhill*, 208 Mich 468, 476; 175 NW 252 (1919). The nature of the statute at issue therefore mandated joinder of the debtor who had allegedly made the fraudulent transaction. Despite the superficially divergent results, our Supreme Court actually applied the same rule for mandatory joinder of parties that existed in 1889 and continues to exist today.

The goal of statutory interpretation is to determine and give effect to the intent of the Legislature, with the presumption that unambiguous language should be enforced as written. *Gladych v New Family Homes, Inc*, 468 Mich 594, 597; 664 NW2d 705 (2003). If the language is unambiguous, "the proper role of a court is simply to apply the terms of the statute to the circumstances in a particular case." *Veenstra v Washtenaw Country Club*, 466 Mich 155, 160; 645 NW2d 643 (2002), citing *Turner v Auto Club Ins Ass'n*, 448 Mich 22; 528 NW2d 681 (1995). Because the UFTA clearly does not contain any language requiring joinder of the debtor transferor, we will not imply such a requirement. The dispositive inquiry is whether the circumstances of the individual case permit complete adjudication without joining the debtor transferor.

The circumstances of this case, as the trial court correctly found, clearly do not. The UFTA is analogous to the Bulk Sales Act in two significant ways. First, a "debtor" under the UFTA "means a person who is liable on a claim." MCL 566.31(f). A claim need not be reduced to judgment or undisputed. MCL 566.31(c). However, the transferor must actually be liable for the claim to be a "debtor." Indeed, the remainder of the UFTA appears to presume that liability has already been established. A claim under the UFTA cannot proceed otherwise. Furthermore, the UFTA only permits voiding a transaction upon action by the creditor, not by the transferee. See MCL 566.37(1)(a); 566.38(2). As was the case in *Paton*, the transferor here has ostensibly parted with any interest in *the assets*. However, the transferor, or her estate, has not parted with an interest in an adjudication of liability to another individual. Therefore, unless the transferor's liability has already been determined in a proceeding that afforded the transferor a meaningful opportunity to defend, the transferor's "presence in the

action is essential to permit the court to render complete relief . . . ." MCR 2.205(A).

Because Maddock, the transferor, died without extinguishing the claim, substitution of her estate was properly within the trial court's discretion under the court rules. MCR 2.202(A)(1). We review discretionary decisions for an abuse of that discretion. *Phillips v Deihm*, 213 Mich App 389, 394; 541 NW2d 566 (1995). Because the motion for substitution was untimely under MCR 2.202(A)(1)(b), plaintiff was required to demonstrate that there would be no prejudice to defendant by allowing that substitution. We review the trial court's findings of fact for clear error. *Chapdelaine v Sochocki*, 247 Mich App 167, 169; 635 NW2d 339 (2001). The trial court found defendant prejudiced by the delay, during which time the "property has been tied up by a lis pendens notice" and "memories of witnesses . . . have faded . . . ." We find no clear error in these findings, nor has plaintiff refuted them.

Affirmed.