# STATE OF MICHIGAN

# COURT OF APPEALS

INDIAN VILLAGE MARKET, L.L.C., and 8415
EAST JEFFERSON, L.L.C.,

        Plaintiffs-Appellants,

v

JAMES MEREM and VARIOUS MARKETS,
INC.,

        Defendants/Third-Party
        Plaintiffs/Third-Party Counter-
        Defendants-Appellees,

and

NORTH POINTE INSURANCE COMPANY,

        Third-Party Defendant/Third-Party
        Counter-Plaintiff.

UNPUBLISHED
January 21, 2016

No. 323649
Wayne Circuit Court
LC No. 13-011413-CK

Before: SAAD, P.J., and WILDER and MURRAY, JJ.

PER CURIAM.

Plaintiffs appeal the order of the trial court that granted summary disposition in favor of defendants in this negligence action. On appeal, plaintiffs argue that the trial court erred in dismissing their claims against defendants on the basis of the legal principles of res judicata and necessary joinder. Because res judicata and necessary joiner did not preclude plaintiffs' instant action, we agree and reverse.

## I. BASIC FACTS

Plaintiff 8415 East Jefferson, LLC owned the building that housed plaintiff Indian Village Market, LLC. Plaintiffs had asked defendant James Merem, a licensed insurance agent, to secure insurance coverage for plaintiffs' property. Due to a misunderstanding, Merem did not renew the policy when it lapsed in August 2010. When Merem discovered the lapse in coverage, unbeknownst to plaintiffs, he completed an insurance application and submitted it to North Pointe Insurance Company. The application contained many inaccurate facts, such as plaintiffs'

-1-

sales history, the age of the building, and whether any other entities occupied any part of the building. A commercial insurance policy was issued effective October 19, 2010, and less than a month later, a fire occurred in the building. Although it is not disputed that the fire occurred during a period the insurance policy purported to cover, North Pointe refused to pay on plaintiffs' insurance claim. North Pointe asserted, *inter alia*, that the policy was void because of the many misrepresentations in the application.

Plaintiffs first filed a lawsuit against North Pointe in 2011 and asserted that North Pointe breached the insurance contract by failing to pay on the loss. Plaintiffs settled the first lawsuit with North Pointe for $2.2 million, which was less than its purported amount of loss of $3.87 million. Thereafter, a stipulated order of dismissal with prejudice was entered by the circuit court. Plaintiffs also signed a release of all claims and a covenant not to sue.

Plaintiffs then filed the instant action, which alleges that defendants' negligence in improperly filling out the application caused them to incur damages in the amount of the difference between the amount of their actual losses and the amount they recovered from the insurance company, which equals $1.67 million.

Defendants moved for summary disposition under MCR 2.116(C)(10) and argued that plaintiffs impermissibly split their cause by failing to join defendants in their prior suit, contrary to MCR 2.205. The trial court also requested the parties to brief whether the doctrine of res judicata barred plaintiffs' suit. After hearing the parties' arguments on the issues, the court granted defendants' motion for summary disposition based on res judicata and the failure to join defendants in the prior suit.

## II. STANDARDS OF REVIEW

We review a trial court's decision on a motion for summary disposition brought under MCR 2.116(C)(7) de novo.[1] *Roby v City of Mt Clemens*, 274 Mich App 26, 28; 731 NW2d 494 (2006). When deciding a motion for summary disposition under MCR 2.116(C)(7), a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in a light most favorable to the nonmoving party. MCR 2.116(G)(5); *Herman v Detroit*, 261 Mich App 141, 143-144; 680 NW2d 71 (2004). "The contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999).

Further, the application of the doctrine of res judicata is a question of law that this Court reviews de novo. *Stoudemire v Stoudemire*, 248 Mich App 325, 332; 639 NW2d 274 (2001). To the extent that this appeal involves the interpretation of a court rule, this Court employs a de

---

[1] Although defendants moved for summary disposition under MCR 2.116(C)(10), because the issue involves the effect of a prior judgment, the correct rule is MCR 2.116(C)(7), and we will review the order under this rule. *Spiek v Dep't of Transp*, 456 Mich 331, 338 n 9; 572 NW2d 201 (1998).

novo standard. *Fraser Trebilcock Davis & Dunlap PC v Boyce Trust 2350*, 497 Mich 265, 271; 870 NW2d 494 (2015).

### III. ANALYSIS

### A. RES JUDICATA

Res judicata is the doctrine of claim preclusion, which is not to be confused with collateral estoppel, which pertains to issue preclusion. See *People v Gates*, 434 Mich 146, 154 n 7; 452 NW2d 627 (1990). "[R]es judicata is employed to prevent multiple suits litigating the same cause of action." *Adair v Michigan*, 470 Mich 105, 121; 680 NW2d 386 (2004). In order to establish that a claim is barred from relitigation under res judicata, a defendant must prove that "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case, was, or could have been, resolved in the first." *Id.* Further, Michigan has taken a broad approach and decided that not only are claims that have already been litigated barred, "but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id.*, citing *Dart v Dart*, 460 Mich 573, 586; 597 NW2d 82 (1999). "The doctrine of res judicata is intended to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication, that is, to foster the finality of litigation." *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 715; 848 NW2d 482 (2014) (quotation marks omitted).

Regarding the first element, the parties do not dispute that the dismissal with prejudice of the first suit against North Pointe acted as a decision on the merits. See *Limbach v Oakland Co Bd of Co Rd Comm'rs*, 226 Mich App 389, 395; 573 NW2d 336 (1997) ("[A] voluntary dismissal with prejudice acts as res judicata with respect to all claims that could have been raised in the first action.").

Plaintiffs, however, disagree that the same parties were involved in the first suit and the instant suit. Defendants were not named in the first suit, but that fact is not dispositive as long as they were in privity with each other. "To be in privity is to be so identified in interest with another party that the *first litigant represents the same legal right that the later litigant is trying to assert*." *Adair*, 470 Mich at 122 (emphasis added); see also *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 13; 672 NW2d 351 (2003) (citation omitted) ("In order to find privity between a party and a nonparty, Michigan courts require 'both a substantial identify of interests and a working or functioning relationship . . . in which the interests of the non-party are presented and protected by the party in the litigation.'").

Here, defendants are not in privity with the defendant in the prior suit, North Pointe. Namely, North Pointe in the first suit did not represent the same legal right that defendants assert in the instant suit. In defending against plaintiffs' breach of contract claim in the first suit, North Pointe asserted that the insurance policy was void because of some material misrepresentations in the application, which was created by the current defendants. In the present case, plaintiffs allege that defendants negligently filled out the application, which caused them to settle their suit with North Pointe for less than their actual losses. Defendants' main defense is that any misrepresentations in the application were not material and therefore could not be a basis for North Pointe not paying out on plaintiffs' insurance claim, i.e., in failing to pay, absent any

arson, North Pointe breached the insurance contract. Thus, it is clear that the defendants in both cases (North Pointe in the first case and defendants in the instant case) did not assert the same legal right. In fact, they are on opposite sides of each claim, essentially siding with plaintiffs in the suits they are not defending. Such differing positions clearly demonstrate that the interests North Pointe represented in the first case were not the same as the rights and defenses that defendants assert here. Accordingly, North Pointe and defendants are not in privity with each other, and this element is not met.

Further, the last element of res judicata—whether the current claim of negligence against defendants could have been resolved in the first case—is not established. "[T]he determinative question" for this element "is whether the claims in the instant case arose as part of the same transaction" as the claims in the first case. *Adair*, 470 Mich at 125. Our Supreme Court has recently reiterated that "[t]he proper test is 'whether the facts are related in time, space, origin or motivation, [and] whether they form a convenient trial unit.'" *Marketplace of Rochester Hills, LLC v Comerica Bank*, ___ Mich ___ (Docket No. 151715, entered December 9, 2015), quoting *Adair*, 470 Mich at 125. Here, the claims in the two suits did not arise as part of the same "transaction," per se. The "transaction" in the first suit was North Pointe's failure to pay on plaintiffs' insurance claim. The "transaction" in the second suit was defendants' alleged misrepresentation of three different items in the application for insurance coverage for plaintiffs. These transactions are different in time, space, origin, and motivation. Moreover, it would not have been necessarily convenient to have tried both claims at the first trial. If the jury found that North Pointe had breached the contract and awarded damages, then there would be no need to litigate anything with defendants. The involvement of defendants would only be necessary when and if the jury found that North Pointe did not breach the insurance contract because it was entitled to rescind the entire policy (due to the misrepresentations in the application). In short, because the two underlying transactions are different, plaintiffs were not compelled to bring both claims in the first lawsuit.

Therefore, because the elements of res judicata were not established, the trial court erred in relying on this doctrine when it granted defendants' motion for summary disposition.

B. NECESSARY JOINDER

MCR 2.205(A) provides, in pertinent part, as follows:

**(A) Necessary Joinder**. Subject to the provisions of subrule (B) and MCR 3.501, persons having such interests in the subject matter of an action that their presence in the action *is essential to permit the court to render complete relief* must be made parties and aligned as plaintiffs or defendants in accordance with their respective interests. [Emphasis added.]

MCR 2.205 has as its purpose "to prevent the splitting of causes of action and to ensure that all parties having a real interest in the litigation are present." *Mason Co v Dep't of Community Health*, 293 Mich App 462, 489; 820 NW2d 192 (2011). Recently, this Court recognized that "a party is necessary to an action if that party 'has an interest of such a nature that a final decree cannot be made without affecting that interest, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good

conscience.'" *Graham v Foster*, ___ Mich App ___; ___ NW2d ___ (2015) (Docket No. 318487, issued July 16, 2015), slip op, p 3, quoting *Mather Investors, LLC v Larson*, 271 Mich App 254, 257-258; 720 NW2d 575 (2006) (citations and quotations marks omitted in original). If a party's presence in the case is not necessary to the court being able to render complete relief, factors like "'judicial economy or avoidance of multiple litigation are not enough to compel joinder.'" *PT Today, Inc v Comm'r of the Office of Fin & Ins Services*, 270 Mich App 110, 135; 715 NW2d 398 (2006), quoting *Hofmann v Auto Club Ins Ass'n*, 211 Mich App 55, 96; 535 NW2d 529 (1995).

Here, defendants' presence in the first suit was not necessary for the court to have rendered complete relief to plaintiffs. Plaintiffs sued North Pointe under a breach of contract theory; defendants' conduct was not at issue. Further, if the jury would have found that North Pointe did breach the contract, plaintiff could have recovered *all* of its damages from it. Defendants would only be implicated if the jury determined that North Pointe did not breach the contract because of the material misrepresentations in the policy application. At that point, defendants would potentially be exposed for liability of all of plaintiffs' damages. But because that aspect could be litigated separately, we hold that defendants were not necessary for the first suit, which dealt specifically with whether the insurer breached the contract.

We also question whether the failure to comply with MCR 2.205 *in a prior case* would result in the dismissal of a later case. The court rule specifies the consequences of the failure to join in MCR 2.205(B):

> **(B) Effect of Failure to Join.** When persons described in subrule (A) have not been made parties and are subject to the jurisdiction of the court, the court shall order them summoned to appear in the action, and may prescribe the time and order of pleading. If jurisdiction over those persons can be acquired only by their consent or voluntary appearance, the court may proceed with the action and grant appropriate relief to persons who are parties to prevent a failure of justice. . . .

Notably, the above court rule does not provide for the dismissal of a present cause of action because of the failure to *join a party in a previous lawsuit*. Instead, it only contemplates dismissal of the pending case if the necessary parties cannot *join the current or pending case*. Instead, the concept of dismissing the current case because of a failure to join in a prior case is best analyzed under the concept of res judicata. See *East Muskegon Roofing & Sheet Metal Co v Holwerda*, unpublished opinion per curiam of the Court of Appeals, issued February 16, 2006 (Docket No. 256591), slip op, p 1 ("We conclude that principles of res judicata govern whether the failure to join a party in a prior action bars subsequent litigation, not the court rules governing joinder.").[2] And, as we have already determined, res judicata does not require dismissal.

---

[2] Although unpublished cases are not binding precedent, they can be considered for their persuasive effect. *Paris Meadows, LLC v City of Kentwood*, 287 Mich App 136, 145 n 3; 783 NW2d 133 (2010).

Reversed.[3] Plaintiffs, as the prevailing parties, may tax costs pursuant to MCR 7.219.

/s/ Henry William Saad
/s/ Kurtis T. Wilder
/s/ Christopher M. Murray

---

[3] Defendants also urge us to affirm the trial court on the alternate grounds of release and speculative damages. However, because the trial court did not rule on these grounds, we decline to address them first on appeal. See *Autodie, LLC v City of Grand Rapids*, 305 Mich App 423, 431; 852 NW2d 650 (2014); *Fast Air, Inc v Knight*, 235 Mich App 541, 549; 599 NW2d 489 (1999).