*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ORRIDA ERQUHART,

UNPUBLISHED
February 19, 2019

Plaintiff-Appellant,

v

No. 340630
Wayne Circuit Court
LC No. 15-014457-NF

AUTO CLUB INSURANCE ASSOCIATION,

Defendant-Appellee.

Before: GLEICHER, P.J., and K. F. KELLY and LETICA, JJ.

PER CURIAM.

When a party to a lawsuit dies, the case may continue if the claim is not extinguished and a successor substitutes for the deceased. MCR 2.202 governs the procedure for substitution in the circuit court. It establishes a 91-day time limit for substitution motions, triggered by the filing of a statement acknowledging the death. The 91-day time limit is not akin to a statute of limitations, however, as the rule specifically permits an extension if a delay would not disadvantage the other parties.

After the 91 days expired in this case, the circuit court dismissed the action because it viewed the time limit as nondiscretionary. That was error, as the language of the rule contemplates that the period for substitution may be extended absent prejudice. We reverse and remand for further proceedings.

I

In 2014, plaintiff Orrida Erquhart filed a first-party no-fault action against defendant Auto Club Insurance Association seeking payment of personal protection insurance (PIP) benefits. The parties agreed to dismiss the case without prejudice. Erquhart filed a second PIP case in November 2015, alleging that benefits remained unpaid.

During the course of the two lawsuits, the parties obtained Erquhart's medical records and twice took her deposition. Counsel participated in a formal settlement negotiation on February 22, 2017. Erquhart failed to attend. A few weeks later, Auto Club's counsel discovered that Erquhart had died on February 15, 2017.

On March 30, 2017, counsel for Auto Club filed a "Notice of Suggestion of Death" in the circuit court. This act fulfilled counsel's obligation under MCR 2.202(A)(2): "A party or attorney who learns that a party has died must promptly file a notice of the death." When a cause of action survives the death of a party, the case may continue if the court permits a successor or personal representative to substitute for the deceased. MCR 2.02(A)(1). The parties agree that Erquhart's claim survived her death.

The court rules provide counsel for a deceased 91 days to file a motion seeking substitution. This time limit is "coupled with a forgiveness provision if there has been no prejudice as a result of failure to substitute within 91 days." 2 Longhofer, Michigan Court Rules Practice, (6th ed), § 2202.1, p 46. Here is the pertinent language:

(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties.

\* \* \*

(b) Unless a motion for substitution is made within 91 days after filing and service of a statement of the fact of the death, the action must be dismissed as to the deceased party, *unless the party seeking substitution shows that there would be no prejudice to any other party from allowing later substitution.* [MCR 2.202(A)(1)(b) (emphasis added).]

In Erquhart's case, 91 days elapsed without a motion for substitution. On August 1, 2017, Auto Club filed a motion to dismiss for that reason. Nine days later, attorney Darren Findling filed a petition in the Wayne Probate Court seeking to open an estate for Erquhart and to appoint a personal representative.

The circuit court heard Auto Club's motion to dismiss on August 11, 2017. Auto Club contended that because the 91-day time limit had come and gone without a motion to substitute having been filed, dismissal was required. Erquhart's counsel advised that he had retained a probate lawyer, but the lawyer had encountered difficulty in locating next of kin. He urged that Auto Club could not possibly demonstrate any prejudice as "this is a PIP claim that was already litigated to what we knew, it's not an expanding claim, in other words obviously unfortunately by her death the PIP claim is closed." Counsel added, "So there's not an ongoing need for discovery or additional information." Auto Club's attorney disagreed, insisting, "[N]ow that she's died there's a wholly different complexion of this case, it's a totally different case." Further, counsel argued, the 91-day rule "is mandatory."

The court granted the motion to dismiss, reasoning as follows:

[T]here is [sic] the two prongs, the one, the 91 day prong, the one prejudice prong in terms of, you know, what you do if and when there's an estate.

There isn't an estate, I don't know when the estate was requested . . . but at this point the Motion to Dismiss is ripe, there isn't an estate within 91 days.

What you choose to do in terms of if and when you get an estate up and rolling that's a whole other issue in terms of a Motion to Reinstate . . . .

But there isn't an estate in place at this point and it's been more than 91 days, and that I don't believe is discretionary.

The other part may be in a different procedural vehicle.

\* \* \*

The Motion to Dismiss is granted.

Erquhart's counsel brought an unsuccessful motion for reconsideration on August 31, 2017, attaching letters of authority issued by the probate court on August 18, 2017. Counsel again argued that there had been no showing of prejudice due to the delay in establishing a decedent's estate or in filing a motion for substitution.

II

The circuit court's decision to dismiss the case falls within the realm of its discretion, and we reverse such decisions only for an abuse of that discretion. *Donkers v Kovach*, 277 Mich App 366, 368; 745 NW2d 154 (2007). We review de novo the circuit court's interpretation of a court rule. *Vyletel-Rivard v Rivard*, 286 Mich App 13, 20; 777 NW2d 722 (2009). A court necessarily abuses its discretion when it incorrectly interprets or applies the language of a court rule. *Pirgu v United Servs Auto Ass'n,* 499 Mich 269, 274; 884 NW2d 257 (2016).

The circuit court incorrectly interpreted MCR 2.202(A)(1)(b) as establishing a bright-line rule that the window for filing a motion for substitution automatically closes 91 days after the filing of a notice of death. When interpreting a court rule, we use the same canons of construction as apply to statutes. *Kloian v Domino's Pizza, LLC*, 273 Mich App 449, 458; 733 NW2d 766 (2006). One such tool requires us to "construe the text as a whole." *McQueer v Perfect Fence Co*, 502 Mich 276, 289; 917 NW2d 584 (2018). Read in context, the 91-day time limit is subject to adjustment if "the party seeking substitution shows that there would be no prejudice to any other party from allowing later substitution." MCR 2.202A)(1)(b). See also *Mather Investors, LLC v Larson*, 271 Mich App 254, 260; 720 NW2d 575 (2006) ("Because the motion for substitution was untimely under MCR 2.202(A)(1)(b), plaintiff was required to demonstrate that there would be no prejudice to defendant by allowing that substitution.").

Auto Club posits that our interpretation of the rule is negated by an order of the Supreme Court stating, in its entirety: "On order of the Court, the Clerk of the Court having received a Notice of Death of the plaintiff, and no motion for substitution having been received within 91 days after filing and service of the notice, defendant's motion to dismiss is GRANTED. MCR 2.202(A)(1)(b)." *Van Til v Environmental Resources Mgt, Inc*, 476 Mich 862; 719 NW2d 890 (2006). We are bound by such peremptory orders if they "constitute[] a final disposition of an application and contain[] a concise statement of the applicable facts and reasons for the decision." *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 369; 817 NW2d 504 (2012). The *Van Til* order does not meet those requirements.

-3-

Erquhart's counsel offered a legitimate reason for the delay in his response to the motion for dismissal, and directly addressed the question of prejudice. The circuit court was obligated to deny the motion unless Erquhart's argument denying prejudice lacked merit. Erquhart easily met her burden of disavowing any disadvantage to Auto Club, however, by pointing out that the PIP claims at issue were not subject to expansion, rested solely on the evidence already gathered by the parties, and that no further discovery was needed.

On remand, the circuit court must consider the parties' respective prejudice arguments. In the interest of guiding this process, we note that one of Auto Club's grounds for dismissal—an impending trial date—is no longer relevant. Prejudice may attach if evidence has been lost due to delay, crucial witnesses have become unavailable, memories have faded, or other similar consequences have occurred. We are at a loss to understand how this has become "a totally different case" with Erquhart's death, but invite Auto Club to refine this argument, if desired, on remand.

We reverse and remand for proceedings consistent with this opinion. We do not retain jurisdiction. As the prevailing party, Erquhart's successor may tax costs pursuant to MCR 7.219(A).

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Anica Letica