*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LISA BRADLEY,

       Plaintiff-Appellant,

v

PROGRESSIVE MARATHON INSURANCE
COMPANY, and NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,

       Defendants-Appellees.

FOR PUBLICATION
December 29, 2022
9:10 a.m.

No. 358796
Wayne Circuit Court
LC No. 20-006927-NF

Before: M. J. KELLY, P.J., and MURRAY and RIORDAN, JJ.

PER CURIAM.

Plaintiff, through appellate counsel, appeals as of right the trial court's order dismissing this case on the basis of a failure to timely file a motion to substitute for the deceased plaintiff a personal representative of plaintiff's estate. We affirm.

## I. FACTS

Lisa Bradley filed this action for no-fault personal protection benefits against defendants, Progressive Marathon Insurance Company, and Nationwide Mutual Fire Insurance Company, on June 1, 2020, alleging that she was owed benefits for injuries sustained in a motor vehicle accident that occurred on June 14, 2019.[1] Each defendant filed affirmative defenses arguing, among other things, that the other was the higher priority insurer obligated to pay no-fault benefits.

Progressive moved for summary disposition on September 9, 2020, seeking dismissal on the basis of its argument that Nationwide was the higher priority insurer obligated to pay any

---

[1] For ease of discussion, we refer to the party litigating this action as "plaintiff" and the injured party herself as "Bradley."

benefits due. This motion and the defendants' other motions for summary disposition pursuant to MCR 2.116(C)(10) remained pending and undecided when the case was dismissed.

On March 1, 2021, plaintiff filed a Suggestion of Death, giving notice that Bradley had died on February 11, 2021. The notice included the statement that a personal representative would be appointed for her estate. On April 13, 2021, the trial court entered an order continuing the hearing on defendants' motions until May 26, 2021, "to allow a Personal Representative to be appointed for [Bradley]."

On July 1, 2021, Progressive filed a motion to dismiss under MCR 2.202(A)(1)(b) for plaintiff's failure to file a motion to substitute a personal representative for Bradley within 91 days after the Suggestion of Death filed on March 1, 2021. The motion alleged prejudice as follows:

> Defendant Progressive has been, and will continue to be, prejudiced by Plaintiffs failure to file the necessary statement and motion as Defendant cannot participate in meaningful litigation and/or settlement negotiations with Plaintiff's counsel as they have no party to represent in this matter given Ms. Bradley's death and their lack of substitution of her estate.

Progressive also argued that plaintiff bore the burden of showing good cause for the failure to file a motion to substitute within the 91-day period, arguing that dismissal was appropriate where plaintiff offered no excuse for the delay.

On July 8, 2021, Nationwide filed a concurrence, noting that defendants' motions had been adjourned twice for lack of substitution of a personal representative for Bradley. In support, Nationwide submitted evidence of an online case search of the Wayne Probate Court records showing that an estate for Bradley had not yet been opened in probate court.[2]

On July 26, 2021, plaintiff filed an answer to the motion to dismiss, noting that the estate had been opened and arguing that dismissal was not appropriate where "the estate is simply awaiting a hearing date with the court so that the Letters of Authority can be issued." The answer noted that Bradley's family had retained an attorney to open an estate and asserted that the family had taken all appropriate steps to do so. Plaintiff did not offer when the attorney was retained or otherwise explain the delay in opening the estate.

The motion to dismiss initially was noticed for hearing on July 28, 2021, but subsequently re-noticed for August 19, 2021, and again for September 3, 2021. In the meantime, Nationwide's motion for summary disposition pursuant to MCR 2.116(C)(10) was re-noticed for hearing on September 9, 2021.

On September 3, 2021, the trial court heard a very brief argument from counsel for Nationwide, and briefer argument in concurrence from Progressive's counsel. Plaintiff did not

---

[2] Plaintiff explains on appeal that a personal representative was appointed for the estate on October 6, 2021.

appear. Plaintiff's brief on appeal indicates that counsel did not appear because he mistakenly thought the matter was to be heard on September 9, 2021.

The trial court then gave the following reasons for granting the motion to dismiss:

Obviously it's been more than ninety-one (91) days since Ms. Bradley passed away, and since the Suggestion of Death was filed with the court.

Plaintiff's counsel had failed to file motion to substitute the estate in Ms. Bradley's place and instead of this litigation.

There's no doubt, it is clear that under MCR 2.202(A)(l)(b), the action must be dismissed as to the deceased party unless motion for substitution is made within ninety-one (91) days after the filing and service of the statement of fact of the death.

Defendant Progressive Marathon Insurance Company and National Mutual Fire Insurance Company has been and will continue to be prejudiced for the failure of Plaintiffs to file necessary statement and motion.

Defendant cannot participate in meaningful litigation and/or settlement negotiations with Plaintiff's counsel, as they have no party to represent them in this matter given that Ms. Bradley's death and the lack of substitution in the estate.

And here's the thing. It has come to the attention that there is probate hearing on the 29th of September 2021 at 10:00 a.m. before the Honorable Judge Keith.

But again, the court rules are clear. And they were actually told many times over that they needed to get the ball rolling within the time period, and they failed to do so.

And since Plaintiff failed to file the appropriate motion substituting the parties pursuant to MCR 2.202(A) within the ninety-one (91) day period, her claim in this matter must be dismissed.

And so, the Court will grant Progressive Marathon Insurance Company's motion for dismissal, dismissing Plaintiff Lisa Bradley's claim in this matter pursuant to MCR. 2.202. So Ordered.

The final order of dismissal was entered on September 14, 2021, and plaintiff filed this claim of appeal on October 5, 2021.

## II. STANDARD OF REVIEW

"A trial court's decision to dismiss an action is reviewed for an abuse of discretion." *Donkers v Kavach*, 277 Mich App 366, 368; 745 NW2d 154 (2007). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Jilek v Stockson*, 297 Mich App 663, 665; 825 NW2d 358 (2012) (quotation marks and citation omitted). "A trial court necessarily abuses its discretion when it makes an error of law." *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016). Finally, we "review de novo

the interpretation of court rules . . . ." *Vyletel-Rivard v Rivard*, 286 Mich App 13, 20; 777 NW2d 722 (2009).

## III. DISCUSSION

On appeal, plaintiff argues that "[g]iven the lack of any evidence of real prejudice to the Defendants in this case," the trial court abused its discretion by dismissing the case. Defendants, on the other hand, argue that "[t]he plain language of MCR 2.202(A)(1)(b) made it Plaintiff's burden to show the absence of prejudice, and Plaintiff made no attempt to carry that burden below." Therefore, defendants argue, the trial court necessarily did not abuse its discretion by dismissing the case.[3] For the reasons set forth, we need not reach the question whether plaintiff showed the absence of prejudice for the purposes of MCR 2.202(A)(1)(b), because we conclude that even if plaintiff did show the absence of prejudice, the trial court still did not abuse its discretion by dismissing the case. Specifically, we conclude that a finding of prejudice is not necessary for the proper exercise of the discretion to dismiss a plaintiff's action since the applicable court rule mandates dismissal.

MCR 2.202(A) provides as follows:

(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties.

(a) A motion for substitution may be made by a party, or by the successor or representative of the deceased party.

(b) Unless a motion for substitution is made within 91 days after filing and service of a statement of the fact of the death, the action must be dismissed as to the deceased party, unless the party seeking substitution shows that there would be no prejudice to any other party from allowing later substitution.

(c) Service of the statement or motion must be made on the parties as provided in MCR 2.107, and on persons not parties as provided in MCR 2.105.

(2) If one or more of the plaintiffs or one or more of the defendants in an action dies, and the right sought to be enforced survives only to the surviving plaintiffs or only against the surviving defendants, the action does not abate. A party or attorney who learns that a party has died must promptly file a notice of the death.

---

[3] Defendants also argue that this Court lacks jurisdiction over this appeal. We disagree. MCL 600.2921 provides that an action for no-fault benefits survives the plaintiff's death, and MCR 2.202(A) implicitly recognizes that the action continues until the matter of the substitution of a party for the deceased plaintiff is resolved—and this necessarily includes an appeal from the denial of a motion to substitute, the appeal being a continuation of the action.

-4-

There is a dearth of published caselaw discussing MCR 2.202(A)(1)(b). In *Mather Investors, LLC v Larson*, 271 Mich App 254; 720 NW2d 575 (2006), the deceased party was one of two defendants. *Id*. at 255. The case against the deceased defendant was dismissed because she died before she was served with the complaint. *Id*. The other defendant moved for summary disposition, arguing that the deceased defendant was a necessary party, without whom the case could not properly proceed. *Id*. The trial court allowed the plaintiff to substitute the decedent's estate if it could show the other defendant was not prejudiced, but ultimately found that the defendant was prejudiced and dismissed the case. *Id*. This Court affirmed on appeal, stating as follows:

> Because Maddock, the transferor, died without extinguishing the claim, substitution of her estate was properly within the trial court's discretion under the court rules. . . . Because the motion for substitution was untimely under MCR 2.202(A)(1)(b), plaintiff was required to demonstrate that there would be no prejudice to defendant by allowing that substitution. . . . The trial court found defendant prejudiced by the delay, during which time the property has been tied up by a lis pendens notice and memories of witnesses . . . have faded . . . . We find no clear error in these findings, nor has plaintiff refuted them. [*Id*. at 260 (quotation marks and citations omitted).]

This holding does not address whether a finding of prejudice, or lack thereof, is necessary here to dismiss a plaintiff's action. It holds that a plaintiff is required to show a lack of prejudice to have an untimely motion to substitute granted, but it does not answer the question whether the absence of prejudice, or an erroneous finding of prejudice, necessarily renders a court's dismissal over the lack of a timely motion to substitute constitutes an abuse of discretion. To answer that, we must look to MCR 2.202(A)(1)(b) which requires dismissal unless there is a showing of no prejudice. The rule does not require that an untimely motion to substitute be granted upon a showing of a lack of prejudice.

MCR 2.202(A)(1) provides that "[i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties." Similarly, MCR 2.202(D) provides that "[s]ubstitution of parties under this rule may be ordered by the court either before or after judgment or by the Court of Appeals or Supreme Court pending appeal." In other words, both subrules (A) and (D) grant a court wide discretion to substitute a party. MCR 2.202(A)(1)(b), however, limits that discretion by providing that the action "*must* be dismissed" if a motion for substitution is not "made within 91 days after filing and service of a statement of the fact of the death." In our view, the more logical interpretation of the qualifying language that follows the rule's mandate "unless the party seeking substitution shows that there would be no prejudice to any other party from allowing later substitution" is that the mandatory limitation on the trial court's discretion no longer applies if, as is arguably the case before us, the plaintiff makes a showing as to a lack of prejudice. In other words, if the party seeking substitution shows the absence of prejudice despite filing a motion for substitution beyond the 91-day period, the mandatory requirement that the trial court dismiss the case is extinguished. In such a situation, the general rule set forth in MCR 2.202(A) and (D) governs the trial court's discretion.

Thus, if a motion for substitution is timely filed within 91 days, the trial court "may order substitution of the proper parties." MCR 2.202(A)(1). Under this rule, the trial court has the

discretion to order substitution if the motion is timely filed. Conversely, if the argument offered by plaintiff is correct, then the trial court is *required* to order substitution on the basis of an *untimely* motion if the moving party shows the absence of prejudice. If so, the trial court would have less discretion when considering an untimely motion than it would when considering a timely motion. We cannot find another instance under our court rules in which a dilatory party would be rewarded in such a manner as would take place if we adopted plaintiff's argument.[4]

Further, while "staff comments to the court rules are not binding authority, . . . they can be persuasive in understanding the proper scope or interpretation of a rule or its terms." *People v Comer*, 500 Mich 278, 298 n 48; 901 NW2d 553 (2017). The staff comment addressing the 1985 adoption of MCR 2.202 states as follows: "Subrule (A)(1)(b) sets a 91-day time limit for moving to substitute following the death of a party. This makes the rule consistent with FR Civ P 25. However, later substitution is *allowed* if the party seeking it shows that no other party will be prejudiced because of the late motion." (MCR 2.202, 1985 Staff Comment) (emphasis added).[5] The word "allowed" suggests that untimely substitution is permitted but not required. Thus, the staff comment reinforces our conclusion regarding the mandatory language contained in the rule.

In this case, it seems clear the failure of plaintiff to take timely action to open an estate weighed heavily in the trial court's decision to dismiss. In particular, despite the fact that on April 13, 2021, the trial court entered an order continuing the hearing on defendants' motions until May 26, 2021, to allow a personal representative to be appointed, as of July 8, 2021, plaintiff had still failed to open a probate case. On balance, giving deference to the trial court's superior knowledge of the case, we cannot conclude that the decision to dismiss fell outside the range of principled outcomes.

## IV. CONCLUSION

MCR 2.202(A)(1)(b) does not require that the trial court refuse to dismiss the case if the plaintiff has showed no prejudice. Instead, when the plaintiff has showed no prejudice, the trial

---

[4] We recognize, of course, that when a statement of the fact of death is timely filed and served, and the motion for substitution is made within 91 days after that filing and serving, it would be quite difficult for a trial court to justify its discretion refusing to order substitution. However, if the statement of the fact of death is not timely filed and served, the trial court may be justified in exercising its discretion to refuse to order substitution even if the motion itself is filed within 91 days after the filing and serving of the statement of the fact of death. The Advisory Committee Notes to Fed R Civ P 25—the federal analogue to MCR 2.202—explain as follows: "A motion to substitute made within the prescribed time will ordinarily be granted, but under the permissive language of the first sentence of the amended rule ('the court may order') it may be denied by the court in the exercise of a sound discretion if made long after the death--as can occur if the suggestion of death is not made or is delayed--and circumstances have arisen rendering it unfair to allow substitution." (Advisory Committee Notes to Fed R Civ P 25).

[5] Fed R Civ P 25(a)(1) provides, in relevant part, that "[i]f the motion [for substitution] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."

court retains the discretion to either dismiss or retain the case.  In the matter before us, the trial court did not abuse its discretion by dismissing the case.  Therefore, we affirm.

/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Michael J. Riordan